THOMAS JOSEPH YUPPA, JR., *p.a. vs.* JOHN E. WHITTAKER *et ux.*

AGNES YUPPA *vs.* JOHN E. WHITTAKER *et ux.*

DECEMBER 14, 1962.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

POWERS, J.   These two actions of trespass on the case were tried together in the superior court before a justice sitting with a jury.   After the plaintiff in each case had rested, the trial justice, granting the defendants' motions, instructed the jury to return verdicts for the defendants in both cases.   They are before us on the plaintiffs' bills of exceptions, the sole exception in each case being to such decision.

These cases were previously argued to us on plaintiffs' bills of exceptions to the decision by a superior court justice sustaining defendants' demurrers to every count of the declaration in each case.   The material facts are fully set forth in *Yuppa* v. *Whittaker,* 88 R. I. 214, and no purpose would be served in repeating them here.

Suffice it to relate that plaintiffs are a child of tender years and his mother, who were tenants of the landlord defendants when on September 22, 1956 the child was seriously burned by an uncovered steampipe located in the premises occupied by plaintiffs.   The pipe was exposed at the time plaintiffs took possession and remained so up to and including the day of the injuries.   It further appears that steam passes through such pipe in servicing other tenants as well as plaintiffs and that the heating system was in the exclusive control of defendants.

In each case plaintiff's amended declaration contained four counts of negligence and a fifth sounding in nuisance. To every count defendants demurred and all demurrers were sustained by a superior court justice. In passing on the decision of said superior court justice, this court in *Yuppa* v. *Whittaker, supra,* held that there was no merit in plaintiffs' allegation that the pipe was overheated, since by the terms of the tenancy plaintiffs had knowledge that heat was to be furnished; nor in the further allegations bearing on defendants' obligation to have insulated the pipe, since the hazard existed at the time plaintiffs took possession, and being known to plaintiffs they took possession of the premises as they found them.

After the cases had been remitted to the superior court for further proceedings, plaintiffs sought and were given leave to plead over. They filed second amended declarations consisting of three counts. The defendants again demurred on the ground, inter alia, that the causes of action were the same as those alleged in the demurrers previously sustained by this court. They contended that the decision of this court was res adjudicata, or the law of the case as to the second amended declarations.

The demurrers were heard by a superior court justice, who sustained them as to the first two counts in each declaration but overruled them as to the third count. The decision of the trial justice was given orally from the bench and the rationale thereof as to the third count does not appear in the record. We are informed by plaintiffs, however, as the appellants, and no contradiction thereof is offered by the appellees, that it was the opinion of the superior court justice that the third count set forth a cause of action not considered by this court in the previous proceedings on review.

The defendants thereupon pleaded the general issue and the cases were consolidated for trial before a different justice of the superior court, sitting with a jury. Since re-

covery in both cases rests on the same principles, we shall hereafter for convenience refer to both cases as but one.

The third count upon which plaintiff went to trial alleges that the heating system was in the exclusive control of defendants; that plaintiff acquired possession in June 1956; that no heat passed through the pipe in question until the day of the injury, September 22, 1956; that the day was so mild as to suggest no necessity for heat; that in these circumstances defendants had the duty to notify plaintiff that the heat was to be turned on; and that disregarding such duty defendants neglected to notify or inform plaintiff as aforesaid.

The record discloses that there was testimony tending to prove the allegations set forth in the third count. Notwithstanding such evidence the trial justice, on defendants' motion, instructed the jury to return a verdict for them. The sole question before us goes to the correctness of the trial justice's decision on defendants' motion.

The plaintiff contends that the trial justice erred in that the rationale of his decision presupposed a prior determination of plaintiff's cause of action by this court in *Yuppa* v. *Whittaker, supra.* The plaintiff further argues that when the pleadings were closed the legal sufficiency of his declaration became the law of the case, citing *Shepard Land Co.* v. *Banigan,* 36 R. I. 1, *Payne* v. *Superior Court,* 78 R. I. 177, and other cases.

We are in full accord with the principle therein laid down, but the cases relied upon are of no assistance. The question here is not whether by the overruling of defendants' demurrer to the third count the previous decision of a superior court justice that the cause of action therein stated had not been theretofore considered by this court, but rather whether the declaration and the evidence adduced in support thereof constitute a valid cause of action. *Therrien* v. *First National Stores, Inc.,* 63 R. I. 44. We are constrained to hold that they do not.

The trial justice, although several times alluding to the prior opinion of this court, misconceived neither the nature of plaintiff's cause of action nor his evidence. He stressed as the gravamen of plaintiff's allegations a duty of defendants to notify or warn plaintiff that heat was about to be turned on and, referring to the evidence upon which plaintiff relied, he then stated, "There would be no duty or obligation upon the part of the defendant or the defendant's agent to warn the plaintiff that she was going to raise or lower the thermostat before she actually did it. The plaintiff as a reasonable prudent person would know that would be the situation, and should know that at the time she entered the apartment that situation might prevail."

In *Payne* v. *Superior Court, supra,* we held in effect that while the decision of the first justice became the law of the case — in this instance the overruling of defendants' demurrers — another justice is not bound by the reasons given by the first justice for his decision if the question again arises in a different manner during the trial.

Here, the determination by the first justice that the allegations of the third count had not been previously passed upon by this court did not establish as the law of the case the proposition that such count stated a valid cause of action. The trial justice was not bound to submit to the jury a claim for injuries which in his considered judgment as to the law of this state did not constitute a legal cause of action on the evidence before him.

The plaintiff further argues, however, that the question of whether defendants had a duty to give notice as claimed was a question of fact to be considered by the jury on the basis of the conduct and dealings between the parties. Assuming, as an abstract proposition, that such a case could be stated, it is not present in the instant proceedings. A careful examination of the transcript discloses no evidence, nor inferences to be drawn therefrom, from which a jury

could reasonably find that plaintiff had a right to and did rely on notice prior to the heating of the pipe.

It would serve no purpose to relate here other arguments advanced by the plaintiff. It suffices to say that we have carefully considered them and find them to be without merit.

In each case the plaintiff's exception is overruled, and each case is remitted to the superior court for entry of judgment on the verdict as directed.