## PRESCOTT MARSH *vs.* BLISS REALTY, INC.

NOVEMBER 26, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is an action of trespass on the case for negligence brought by a tenant against the landlord for personal injuries and property damage resulting from the fall of a light globe in the premises occupied by the plaintiff. The case was tried to a superior court justice, sitting with a jury, and resulted in a verdict for the plaintiff. It is before us on the plaintiff's bill of exceptions to the granting of the defendant's motion for a directed verdict, the granting of its motion for a new trial, and to an evidentiary ruling.

It is established by the record that plaintiff is a practicing dentist in the city of Providence; that he occupied the premises in question as his office on a month-to-month rental from 1952 until some time after the alleged injury;

that defendant acquired the premises on July 1, 1955; that no special agreement of tenancy existed between the parties; and that on November 26, 1960, a globe shielding a ceiling light fell and struck plaintiff on the back of the head while he was attending a patient who was seated in the dental chair.

The plaintiff testified without contradiction that there were four such lights located in his suite of offices, one of which was suspended over his desk, and that some time previously he had discovered a shattered globe on his desk when he opened the office for work one morning. It appears that this globe had fallen during the night. On the occasion when plaintiff sustained his injuries, however, the bakelite bracket which secured the globe had apparently become worn and snapped, since one half of the bracket supporting the globe had fallen with it. It does not appear that such was the case when plaintiff found the smashed globe on his desk.

The evidence appears to show that a light bulb was suspended from the ceiling some one-and-a-half feet by means of a rod fixture at the end of which was attached the bakelite bracket which, in turn, supported a globe. It is clear from the evidence that whenever a light bulb was replaced the bracket necessarily came under fairly close scrutiny. The plaintiff's testimony was that during his tenancy he replaced the light bulbs each time it became necessary, and that in replacing the bulb in the light over the dental chair he would use the chair as a sort of stepladder.

Ross Bailey, building superintendent since defendant acquired the building, testified that he had replaced the same type of bracket in other offices with a part metal, part bakelite bracket, because the maintenance men were breaking the type used in plaintiff's office and they were no longer obtainable. It is also his testimony that the broken bracket

which was in evidence as an exhibit could be described as "fragile" and would break if twisted.

He testified further that within the year next preceding the breaking of the bracket and falling of the globe on plaintiff, it had been necessary to change at least six such brackets throughout the building because they had been broken by maintenance men twisting the globes. Asked by plaintiff if he had been able to determine whether these brackets had become deteriorated by use, the witness Bailey was not permitted to answer on objection made by defendant. To this ruling plaintiff excepted.

It appears that in addition to striking plaintiff, a cabinet in his office was damaged apparently by fragments of the globe after it had shattered.

After the parties had rested, defendant moved for a directed verdict and the trial justice reserved decision thereon pursuant to superior court rule 46. Thereupon the jury returned a verdict for plaintiff in the amount of $1,500.

The trial justice then considered the evidence and granted defendant's motion for a directed verdict. To this decision plaintiff excepted and defendant moved for a new trial. The trial justice granted this motion and plaintiff duly excepted.

In his decision granting defendant's motion for a directed verdict, the trial justice found that the snapping and falling of the bakelite saddle or bracket was the proximate cause of plaintiff's injury, but that the instrumentality was wholly confined to the premises occupied by plaintiff and that there was no evidence that such instrumentality constituted a latent defect at the time of the letting. He further found that there was no written agreement between the parties, and that on the tenancy which resulted from the month-to-month oral lease or letting defendant owed no duty on which plaintiff's cause of action could be predicated.

It is the well-settled rule in this jurisdiction that, absent some written agreement to the contrary, the tenant takes the premises as he finds them and the landlord is not responsible for personal injuries or property damage arising out of a defective condition on premises within the control of the tenant. *Whitehead* v. *Comstock & Co.*, 25 R. I. 423; *Gorski* v. *Consolidated Rendering Co.*, 41 R. I. 339; *Zatloff* v. *Winkleman*, 90 R. I. 403.

It is equally well settled, however, that the landlord is liable in tort where the proximate cause of the tenant's injury arises out of a latent defect which was known to the landlord at the time of the letting and was not made known by him to the tenant. *White* v. *Heffernan*, 60 R. I. 363.

The plaintiff contends that the trial justice erred in finding that there was no evidence that a latent defect existed at the time of the letting and of which defendant had knowledge. He points to the testimony that defendant's agent or servant had replaced similar brackets in another room of plaintiff's office prior to the falling of the globe that caused plaintiff's injuries. These replacements, he notes, were made approximately one year prior to the date of the occurrence for which he sues.

This circumstance, he argues, when considered in the light of the month-to-month letting, demonstrates that defendant had knowledge of the defect in the type of bracket in question and negligently failed to provide against the very thing that happened. He cites *Saritelli* v. *Industrial Trust Co.*, 84 R. I. 42, as authority for the proposition that defendant had the duty as a reasonable person to replace the defective bracket and thus prevent injury to plaintiff. That case, however, is not in point. There the duty of which this court spoke related to the maintenance and repair of the roof which, in the circumstances of that case, was not part of the demised premises. In the instant case

the defective bracket was wholly within the premises occupied by plaintiff and the assistance rendered by defendant in replacing the broken brackets and globes for plaintiff was nothing more than janitorial services which in nowise was an assumption of control of the premises demised.

The *Saritelli* case is not inconsistent with the doctrine that for the landlord to be liable in tort for injuries arising out of defective premises, the defect in issue must be latent and not known to the tenant at the time of leasing. If, however, at the time of the letting the landlord has knowledge of a defect which is equally well known to the person leasing the premises, the defective condition relied upon is not latent within the meaning of the rule. *Corcione* v. *Ruggieri,* 87 R. I. 182.

Assuming without deciding that each month constituted a new letting, the knowledge which plaintiff attributes to defendant for a year prior to the last letting was not that of a latent defect since plaintiff, so far as the record indicates, was in possession of the same knowledge prior in time to that when it was acquired by defendant. If, on the other hand, plaintiff's tenancy commenced with his original occupation of the premises in 1952, there could be no latent defect of which defendant had knowledge, since it did not acquire the office building for some three years thereafter.

Nor is there merit in plaintiff's contention that the trial justice erred for the reason that the defective fixture was part and parcel of a common lighting system which was in the exclusive control of defendant. See *Yuppa* v. *Whittaker,* 95 R. I. 275, 186 A.2d 345. In our judgment therefore the decision of the trial justice on defendant's motion for a directed verdict was not erroneous.

Although the trial justice was required to pass upon the motion in the light of the evidence before him at the time, giving plaintiff the benefit of every favorable inference

which might be drawn therefrom, plaintiff contends that the decision was erroneous for the reason that testimony had been improperly excluded from evidence which, if admitted, would have required the trial justice to submit the case to the jury. The excluded testimony would have resulted from a question directed to the building superintendent as to whether in replacing such fixtures on previous occasions defendant had been able to determine that they had become defective through the wear and tear attributable to use.

The plaintiff's exception to this ruling is without merit. As previously noted the knowledge possessed by defendant was shared by plaintiff and under our well-settled rule defendant was under no obligation to maintain the fixtures in a safe condition in the absence of an agreement to the contrary. That the trial justice was aware of this is clear from the reference in his decision to the fact that there was no such agreement and that if there had been the plaintiff's action would be in assumpsit for breach thereof under the doctrine laid down in *Davis* v. *Smith*, 26 R. I. 129. Therein this court made clear that no action for personal injuries would lie for breach of such an agreement.

Lastly, plaintiff argues that there is a growing tendency to relax the rule where the landlord retains some measure of control, such as in the case of appliances used for lighting, heating and water supplies, common to office buildings, citing 26 A.L.R. 2d 1044, 1046. Nothing in the cases therein discussed, however, appears to stand for so marked a departure from common-law principles as is urged by him. If such a tendency is to be found in cases which have not been brought to our attention, and on analysis thereof such tendency may be said to have merit, we are of the opinion that it should be given effect not by judicial decision but by way of appropriate legislation. The legislature may provide for changes prospectively in a manner not customarily available to this court.

Since in our judgment the court did not err in granting the defendant's motion for a directed verdict, it becomes unnecessary for us to consider the exception to the decision on the defendant's motion for a new trial. See *Turenne* v. *Carl G. Olson Co.*, 94 R. I. 177, 179 A.2d 323.

The plaintiff's first and third exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Gallogly, Beals & Tiernan, David F. Sweeney,* for plaintiff.

*Gunning & LaFazia, Edward L. Gnys, Jr.,* for defendant.