ALFRED GOMES *vs.* J & P REALTY COMPANY.
DOLORES GOMES, *p.a. vs.* J & P REALTY COMPANY.

JUNE 10, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

212

PAOLINO, J.  These actions of trespass on the case for negligence were brought by a father and his minor daughter to recover for injuries sustained by the daughter in an elevator accident and for consequential damages to the father.  The cases were tried together before a justice of the superior court sitting with a jury and resulted in verdicts in favor of both plaintiffs.  The cases are before us on the defendant's exceptions to the denial of its motion for a directed verdict, to evidentiary rulings during the trial, to portions of the charge to the jury, and to the refusal of the trial justice to grant certain of the defendant's requests to charge.

The issues are the same in both cases and since the father's case is dependent upon that of his daughter, we shall treat only the daughter's case. However, our determination of the issues in that case will apply with equal force to the father's case and will be decisive thereof. The defendant has expressly waived certain of its exceptions. Among these is an exception numbered 32, to the denial of its motion for a new trial. Therefore we are not concerned with considerations of the weight of the evidence, credibility of the witnesses, or adequacy of the verdict.

The declaration alleges in substance that defendant was the owner of the building, located at 6 Lincoln avenue in the town of East Providence, in which the accident occurred on June 3, 1955; that at that time plaintiff was an employee of Kwik Cleansers, Inc., the lessee of defendant; that an elevator was operated in said building for the carriage of passengers; that under general laws 1938, chapter 356, §16, now G. L. 1956, §§23-33-23 to 23-33-27 inclusive, it was defendant's duty to provide some safety arrangement to prevent the elevator from falling; that defendant failed to comply with this requirement; and that, as a result of such breach of duty, while plaintiff was performing the duties of her employment and was in the act of stepping from the elevator while it was at the second story, it suddenly fell downward carrying plaintiff with it. The evidence supports the allegations of the declaration with respect to the occurrence of the accident and plaintiff's connection therewith.

It appears therefrom that the lessee had occupied a part of the building from February 1, 1950 to April 30, 1953 under a lease dated January 2, 1950 and a renewal thereof on October 8, 1951. The January 2, 1950 lease was for a term of two years from February 1, 1950 to January 31, 1952 with an option to renew for two years under the same terms and conditions, excepting the renewal clause. The lease also provided that the lessee was to make no struc-

tural alterations without the consent in writing of the lessor and the lessor reserved the right to enter to view and make necessary repairs. The rent was $75 per month.

An officer of the lessee testified that sometime in 1952 he installed the elevator, which he referred to as a hoist; that he did so without the landlord's knowledge or consent; that he sought no permit for such work from either the state or the town of East Providence; that no inspection had been made by any governmental agency until after the accident; that the hoist was to be used only for freight; and that he had repeatedly warned his employees, including plaintiff, not to use it as a passenger elevator. However, defendant concedes that a finding that employees did ride the lift with, and at times without, freight is warranted by the evidence. It is undisputed that the hoist had no safety devices to prevent it from falling.

It further appears that on April 30, 1953, before the expiration of the renewed 1950 lease, the parties entered into a new lease for a term of five years from May 1, 1953 through April 30, 1958 at an annual rental of $1,260 payable in equal monthly installments of $105. The new lease included the entire building and provided that it was "to be used as a pick-up and delivery station, and for the purpose of cleansing clothes." It also provided that the lessee would not make any structural alterations without the written consent of the lessor; that the lessor could at all times enter to view and make necessary repairs; that the lessor was to keep the exterior in good repair; and that the lessee was to keep the interior in good repair. Finally, the lease expressly provided: "Upon the execution of this lease between the parties hereto, all previous leases to all or part of the premises herein described are terminated by mutual consent of the parties."

In its brief the defendant asserts that the April 30, 1953 lease was a renewal under the option exercised under the earlier two-year lease dated January 2, 1950. This asser-

tion is not supported by the evidence. The 1950 lease contains no provision giving the lessee the option to renew for a five-year term. Moreover, the 1950 lease included only a part of the building in contrast to the 1953 lease which included the entire building. The provisions of the 1953 lease are substantially different from those in the 1950 lease. Moreover the 1953 lease by its very terms expressly terminates all prior leases as of April 30, 1953. In our opinion the 1953 lease was an entirely new contract and not a renewal of any prior lease. Therefore we must treat it accordingly, and it necessarily follows that the hoist in question was in existence in the building at the time of the execution of the lease which was in effect when the accident occurred. The defendant's claim that it was installed after the letting is not supported by the evidence.

Mr. R. Robert Shapiro, president and treasurer of defendant, testified that he did not know of the existence of the hoist until he received a lawyer's letter after the accident. However, plaintiff testified that sometime between June 1954 and the day of the accident Mr. Shapiro visited the premises to inspect a leak in the wall next to the hoist; that on that occasion she saw him in the back room where the hoist was located; and that he had to pass the hoist on the way out to the front part of the building.

The plaintiff and other witnesses testified that they rode the lift many times with and without freight. There is also testimony that no signs were posted warning employees not to ride the lift. A state elevator inspector, who visited the premises on June 3, 1955 after the accident, testified that he took measurements of the hoist and according to the definitions in the state industrial code it was classified as a freight elevator. However, in cross-examination he admitted that he had no knowledge as to whether it was used for passengers or for freight before the accident.

While the inspector was on the witness stand the trial justice allowed defendant's counsel to read into the record

Rule E-2a. of the state industrial code No. 4. That rule reads as follows: "Passenger Elevator. A passenger elevator is an elevator that is normally used to carry persons other than the operator and persons accompanying freight." Public laws 1946, chap. 1785, sec. 4(a) provides that the codes adopted under the act shall have the force and effect of law.

During the course of the trial plaintiff introduced in evidence, over defendant's objection, certain ordinances of the town of East Providence in effect on the date of the accident dealing with elevators, their installation, alterations, interpretations and permits. She relied upon such evidence as a basis on which the jury could have found that cutting a hole between the two floors and installing an elevator was an alteration, that these ordinances applied to the building in question, and that a permit was necessary for such work. We shall hereinafter discuss defendant's exceptions as they relate to these ordinances.

In the pre-trial order the parties stipulated that the issues raised by the declaration are: "(1) Whether there was an elevator on the premises owned by the defendants. (2) If there was, whether it was a passenger elevator. (It is stipulated that if there was an elevator, it was not a plunger elevator.) (3) Whether it was provided with some safety arrangement to prevent falling. (4) The plaintiff's due care within the limitations of Section 16 of Chapter 356 of the General Laws. (5) The damages."

In considering defendant's exception numbered 23, to the denial of its motion for a directed verdict, this court is in the same position as the trial justice was when he decided such motion. Neither court will pass upon the weight of the evidence or the credibility of the witnesses when considering a motion for a directed verdict. *Kennedy v. New England Bakery*, 80 R. I. 224. It is also well established that on a motion for a directed verdict the court will consider as true all the evidence submitted on behalf of the

adverse party and will resolve all the reasonable inferences in favor of the party opposing the motion. *Young* v. *Young*, 56 R. I. 401.

After carefully examining the record with respect to the above-quoted issues, we are satisfied that the evidence and the reasonable inferences therefrom presented questions of fact for determination by the jury. However, defendant contends that even though the issues as to liability are decided in favor of plaintiff, she has not made out a case whereby she is entitled to recover against this defendant. In support of such contention it argues that there is no duty upon defendant to comply with the provisions of §16, chap. 356, in the absence of an allegation and proof that after an inspection and notice as provided by §16, it failed to comply within the time allowed therefor.

The defendant also contends that it is not liable under §16, since the elevator was installed after the time of the letting and that such installation was without the knowledge and consent of defendant. The facts on which it bases this contention are not supported by the evidence. As we have already stated, the elevator was in the premises before the lease in effect at the time of the accident was executed. Further, there is evidence from which the jury could reasonably have inferred that defendant, through its president and treasurer, had knowledge of the existence of the elevator before the accident.

Section 16, now G. L. 1956, §§23-33-23 to 23-33-27 inclusive, provides in substance that every passenger elevator shall be provided with some safety arrangement to prevent falling; that inspectors of buildings and industrial inspectors shall inspect all elevators and notify lessees and owners of any violations found in the operation thereof, and require the lessees or owners of the buildings involved, within thirty days after the receipt of the notice, to correct such violations; that it shall be the duty of the lessees or owners to comply with these requirements; and that the owner or

owners of any building or premises under lease may enter, therein for the performance of such work as may be necessary to effect said purpose.

The applicable portion of §16 which deals with civil liability for injuries resulting from noncompliance provides:

> "In all cases in which any person shall suffer injury * * * in consequence of the failure of the lessee or owner or owners of any building to comply with the provisions of this * * * section, or in consequence of the failure of said lessee or owner or owners to comply with the written notice and requirement of any inspector of buildings or industrial inspector * * * such lessee and owner or owners shall be jointly and severally liable to any person so injured, in an action of trespass on the case, for damages for such injury * * *."

In our opinion under the portion of §16 dealing with civil liability, liability attaches either (1) from a failure on the part of the lessee or owner to comply with the duties imposed by that section, which in the case at bar relates to the duty to provide the elevator with some safety arrangement to prevent falling, if it were found to be a passenger elevator; or (2) from a failure to comply with the requirement of the elevator inspector after due notice. On the basis of the record before us we do not deem it necessary to consider the second alternative, since there is no evidence of any inspection before the accident and consequently no evidence of any notice or requirement by an inspector to defendant.

The only question before us is whether in the circumstances of this case defendant can be held liable under the first alternative for its failure to comply with the requirements of §16 with respect to safety devices to prevent the elevator from falling. We are not called upon to determine, whether knowledge of the existence of the elevator by defendant is necessary before it can be held liable under said section, since there is evidence from which the jury could have reasonably inferred such knowledge. It must be pre-

sumed that the jury found that the elevator in question was a passenger elevator. We shall hereinafter discuss that question under another exception. Assuming that it was a passenger elevator, it is our opinion that on the facts here liability attached to defendant under the first alternative above mentioned, and for these reasons the trial justice did not err in denying defendant's motion for a directed verdict. Exception 23 is overruled.

The defendant's exceptions 11 to 18 inclusive are based on its contention that the trial justice committed prejudicial error in admitting in evidence the ordinances of the town of East Providence and in denying defendant's motion to strike the same. The defendant argues that such ordinances are immaterial and irrelevant and that their introduction in evidence must have created confusion and uncertainty in the minds of the jury. After carefully examining the ordinances in relation to the evidence, it is our opinion that they were material and relevant to the issues and therefore admissible. See *Moretti* v. *C. S. Realty Co.*, 78 R. I. 341, 350. These exceptions are overruled.

Exceptions 24, 25 and 26 relate to those portions of the charge where the trial justice instructed the jury, with respect to the town ordinances which had been read into the record, that they were to judge whether or not a permit was necessary, whether there was a structural alteration, and if there was a structural change whether the lease had been complied with. The defendant contends that such instructions were too general and for that reason were confusing and led to conjecture and speculation on the part of the jury. We do not agree with this contention. We are satisfied that the instructions were pertinent to the evidence and the issues raised by the pleadings. In our opinion the instructions in question comply with the rules set forth in *Bourre* v. *Texas Company*, 51 R. I. 254, and *Carpenter* v. *United Electric Rys.*, 81 R. I. 196. These exceptions are overruled.

Under exception 31 defendant contends that the trial justice erred in refusing to grant certain of its requests for instructions. In the second, sixth and seventh requests, defendant asked the trial justice to instruct the jury that there was no duty to provide any safety arrangement to prevent the hoist from falling unless it was an elevator normally used for carrying passengers other than the operator and persons carrying freight; that the safety code defining a passenger elevator as adopted by the industrial code commission under the provisions of P. L. 1947, chap. 1882, "shall have the force and effect of law"; and that the words "normally used" in the classification of a passenger elevator as set out in the safety code shall be construed to mean according to rule, regularly, and as a standard or as a general custom.

We have carefully examined the requests in question with relation to the charge as given. The charge given by the trial justice was in substantial compliance with the requested instructions and correctly stated the law applicable to the issues raised by the pleadings and the evidence. *McGowan* v. *Court of Probate*, 27 R. I. 394. We have already considered defendant's contentions with respect to the third, fourth and fifth requests under its exception to the denial of the motion for a directed verdict and find them lacking in merit. Exception 31 is overruled.

Exceptions 27, 28 and 29 relate to that portion of the charge wherein the trial justice instructed the jury in effect that they were to decide on the evidence whether the lift in question was a passenger elevator or something else, and if they found it was a passenger elevator the law required it to have certain safety devices. The defendant argues that the generality of such instructions was confusing and led to conjecture and speculation on the part of the jury. We do not agree with this contention. The question of whether the lift was a passenger elevator under the applicable law was an issue of fact which was properly submitted

to the jury for its determination. *Wilmarth* v. *Pacific Mutual Life Ins. Co.,* 168 Cal. 536; *Braly* v. *Commercial Casualty Ins. Co.,* 170 Kan. 531; *Jones* v. *Noel,* 30 Tenn. App. 184; *Losie* v. *Royal Indemnity Co.,* 183 App. Div. (N.Y.). 744. The instructions as given comply with the rule set down in the *Bourre* and *Carpenter* cases, *supra.* These exceptions are overruled.

Exception 30 relates to that portion of the charge dealing with the testimony concerning defendant's knowledge of the existence of the elevator in question. The trial justice charged that if defendant knew about its existence they were to judge accordingly. He also charged that if defendant had no such knowledge and it was not a passenger elevator it would not be responsible. We have already stated that since there is evidence from which defendant's knowledge of the existence of the elevator prior to the accident could be inferred, it is not necessary for us to determine whether such knowledge is a condition precedent to the attachment of liability to defendant.

It is clear that the instruction, that defendant would not be liable if it did not know of the existence of the elevator, did not prejudice the defendant; if anything, the instruction was favorable to it. At any rate it must be presumed that the jury followed the instructions as given and found that the defendant knew of the existence of the elevator prior to the occurrence of the accident. Therefore, assuming without deciding that the instruction in question was erroneous, in our opinion it was not prejudicial to the defendant. Exception 30 is overruled.

In the case brought by Alfred Gomes the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

In the case brought by Dolores Gomes the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Charles E. Joyce, Jr., Aram A. Arabian,* for plaintiffs.

*William A. Gunning, Morris S. Waldman,* for defendant.