■ ALEXANDER BLISS, Respondent, v. SYLVIA LONDNER, Also Known as SYLVIA BIRNBAUM, Appellant.— In an action by a tenant against his landlord to recover damages as a result of injury to the leased premises and to the tenant's merchandise and property therein, in which action (pursuant to the parties' stipulation) the issue of defendant's liability was tried first and the issue of damages was held in abeyance, pending determination of the liability issue, the defendant landlord appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County, entered June 5, 1963 upon the court's opinion and decision (as amd.) after a nonjury trial of the liability issue, as: (a) found that plaintiff was entitled to recover from the defendant on his first and fifth causes of action, each sounding in negligence; and (b) directed a trial on the issue of damages with respect to said causes. Appeal dismissed, without costs, on the ground that the order is not appealable. Separate trials on the issues of liability and damage constitute proper practice (*Berman* v. *H. J. Enterprises*, 13 A D 2d 199). However, a finding in favor of plaintiff on the liability issue is merely a ruling in the course of the trial. An appeal from such a ruling must await the entry of a judgment (*Deickler* v. *Abrams*, 4 A D 2d 779; *Jackman* v. *Hasbrouck*, 168 App. Div. 256). We are constrained to add, however, that were the order appealable we would have affirmed it on the merits for these reasons: The defendant landlord was under a duty to make structural repairs (*May* v. *Gillis*, 169 N. Y. 330). By her reservation in the lease of the right at all times to enter the premises, to examine them and to make such repairs as she deemed necessary or desirable, she retained a privilege of ownership sufficient to give rise to a liability in tort (*De Clara* v. *Barber S. S. Lines*, 309 N. Y. 620). In our opinion, the evidence was sufficient to show that the two accidents in question, i.e., the collapse of an exterior wall of the premises on February 5, 1961 (first cause of action) and the entry of rain water into said premises in March, 1960 (fifth cause of action), were due to structural defects. The defect which caused the February, 1961 collapse was discoverable on reasonable inspection; and the defendant landlord had sufficient notice of the defects which caused the property damage on both occasions. Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

■ SAM CHUTTICK, Respondent, v. WINTHROP B. COLLINS, JR., Appellant.— In an action by an assignee to recover damages for an alleged breach of a lease agreement, the defendant appeals from an order of the Supreme Court, Onondaga County, dated May 14, 1962 and entered May 28, 1962 in Westchester County, which denied his motion, made pursuant to statute (former Civ. Prac. Act, § 184-a), to change the venue of the action from Westchester County to Onondaga County on the ground that defendant is now and at the time of the commencement of the action was a resident of Onondaga County. Order modified by adding a provision that the denial of the motion is without prejudice to its renewal in the proper county. As so modified, the order is affirmed, with $10 costs and disbursements to respondent (see *Ludlow Valve Mfg. Co.* v. *S. S. Silberblatt, Inc.*, 14 A D 2d 291). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.