227 A.2d 586.

MARIE B. RAMPONE *vs.* WANSKUCK BUILDINGS, INC.

MARCH 27, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an action of trespass on the case for negligence to recover damages for injuries received by the plaintiff when she fell in certain premises leased to her employer by the defendant. It is before us on the plaintiff's exception to the sustaining of the defendant's demurrer to her amended declaration.

In her amended declaration, plaintiff alleges in substance that defendant was the owner of certain premises located in Providence; that these premises were occupied by plaintiff's employer under the terms of a written lease which provided that defendant would make certain repairs to the premises including repairs to holes in the wooden floors lo-

cated therein; that defendant had notice of this condition and the need for repairs; and that as the result of defendant's negligent failure to make the repairs, plaintiff stepped into a hole whereby she fell to the floor and was injured.

In sustaining defendant's demurrer, the trial justice relied on a ruling made by this court in 1904 in *Davis* v. *Smith*, 26 R. I. 129. There it was held that "The courts very generally hold that the tenant and his wife, children, servants, and guests can not sue in tort for breach of the landlord's covenant to repair." The court's decision wherein it cites various cases in other jurisdictions gives a graphic portrayal of the then prevailing judicial sentiment existing in the courts of this country at the turn of the century. One of the propositions of law of that era set forth therein was that recovery in tort against a landlord for his breach of a covenant to repair could be maintained only on a showing that the landlord had been guilty of negligence in the making of the repairs—mere inaction on his part was not enough to support such an action. It was also pointed out that any damages incurred for a landlord's failure to abide by his promise to repair were to be limited strictly to the expense of making the repairs which the landlord had promised to do and nothing more.

The plaintiff acknowledges that the rule set forth in *Davis* v. *Smith, supra,* is the law today in Rhode Island. However, she maintains that this rule of no liability in tort for a landlord's failure to discharge his contractual obligation to repair the premises is unsound and should be changed. She points with particular emphasis to the case of *Faber* v. *Creswick,* 31 N. J. 234, 156 A.2d 252. There the court in an extensive review of the law in that jurisdiction on the subject that is before us pointed out that originally New Jersey followed the rule set forth in *Davis* v. *Smith.*[1] With

---

[1] *Williams v. Fenster,* 103 N.J.L. 566, 137 A.406, which is alluded to in *Dower v. Dower's Inc.,* 100 R. I. 511, 217 A.2d 437.

the passage of time, however, it became apparent to the court that if an agreement to repair was not honored by the landlord, injury to the tenant would be the likely result and, accordingly, recovery in an action of tort was allowed.[2] In *Faber* the doctrine of privity which had barred any recovery to a person not a party to the agreement was cast aside and the tenant's wife was permitted to pursue her cause of action against the landlord. In the case at bar we are being urged to adopt as the applicable rule of law that principle set forth by the American Law Institute in 2 Restatement of Torts 2d, §357, p. 241. It reads as follows:

> "A Lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if
>
> "(a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and
>
> "(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and
>
> "(c) the lessor fails to exercise reasonable care to perform his contract."

Since 1934, when the Restatement of Torts first took a position that this promise of the landlord gave rise to a duty to exercise due care and hence responsibility for a negligent failure to perform, a growing number of courts have modified the common law and now allow in these circumstances suit in tort by all persons on the demised premises with the tenant's consent. There is respectable authority both pro and con by the various courts throughout the United States on this issue. They have been compiled and are available for study in 78 A.L.R.2d 1241.

The defendant for its part urges that we abide by the

---

[2] *Michaels v. Brookchester, Inc.*, 26 N.J. 379, 140 A.2d 199.

holding in *Davis* v. *Smith, supra.* In addition it particularly emphasizes that plaintiff, not being a party to the lease, is not in privity with defendant and accordingly should not be permitted to pursue this action.

We can perceive no reason to abide by a rule of law promulgated over a half century ago and leave unchanged a principle which in our opinion no longer serves a useful purpose in today's times. We have witnessed in the field of real-estate endeavors the increased use of short term leases in which by the mutual agreement of the parties the landlord could, if he wished, require his tenant to insure against the mishap similar to that plaintiff describes in her declaration. In the extensive rental negotiations that ensue between a landlord and his tenant, we believe that the amount of the rental received by the landlord is somewhat related to the extent of his undertaking. We also feel it is a reasonable expectation that when a tenant leases property and the landlord represents that he will repair the premises, a failure to abide by this particular stipulation may imperil the safety and well-being not only of the tenant but others not a party to the rental agreement.

Our sense of justice, sound reasoning and an awareness of the realities of our modern society lead us to the belief that the doctrine of privity should not be invoked to prohibit a person who was rightfully on the tenant's premises from bringing suit to recover for injuries which might not have occurred if the landlord had exercised due care and adhered to his promise. The rule of privity is rooted in the case of *Winterbottom* v. *Wright*, 152 Eng. Rep. 402, wherein the liability of a manufacturer for any defects in his product was limited to those with whom he was in privity.

Our feelings in the instant case were foretold and chronicled in the concurring opinion of Mr. Justice Joslin in *Henry* v. *John W. Eshelman & Sons*, 99 R. I. 518, 209 A.2d

46. He pointed out that in actions of tort this court has in the past departed from the strictures of privity and permitted suit by one not a party to a transaction.

In *McCaffrey* v. *Mossberg & Granville Mfg. Co.*, 23 R. I. 381, we stated by way of dicta that although there was no direct contractual relationship, a manufacturer of a product imminently dangerous to life and limb might be liable to the ultimate consumer. Later in *Minutilla* v. *Providence Ice Cream Co.*, 50 R. I. 43, we held that a maker of foodstuffs who furnished through a retailer unwholesome foods or drinks for public consumption might be liable to the injured consumer.

As part of its effort to preserve the rule of privity, defendant states that any further action to loosen the binds of privity should be accomplished by legislative action. The proper reply to this contention is found in the following language of the concurring opinion in *Henry* v. *John W. Eshelman & Sons, supra*: "While a deferral to the legislature in the initiation of changes in matters affecting public policy may often be appropriate, it is not required where the concept demanding change is judicial in its origins." The doctrine of privity as espoused by defendant was born of judicial fiat and may be terminated in the same fashion. We believe that adherence to privity in the circumstances of the case at bar would work injustice rather than justice. When, as here, there is a promise by the landlord to make repairs, this covenant on his part redounds to the protection and benefit of all those properly on the premises, be it the tenant's minor child who falls from the porch because of a rail that was not repaired or as plaintiff here, an employee of the tenant, a servant if you will, who fell on the unrepaired floor.

It is our considered judgment that the rule as set forth in 2 Restatement of Torts 2d, §357, is well-reasoned and we hereby adopt it as the rule of law in Rhode Island. We

overrule *Davis* v. *Smith, supra,* to the extent it is inconsistent with this opinion. The principle which we have promulgated herein is the rule for this case and will be applied to any personal injuries or damages to property which occur sixty days after the date of the filing of this opinion and which are attributable to a landlord's failure to abide by his agreement with his tenant to repair the property. We have imposed a sixty-day waiting period for the future implementation of this decision so as to afford all interested parties a reasonable opportunity to become aware of this decision and be guided accordingly.

Here the plaintiff will have an opportunity to prove the allegations of her declaration. She must show by a fair preponderance of the evidence the failure on the defendant's part to exercise reasonable care to perform its covenant. This issue entails the consideration of the length of time the defendant had notice of the condition of the floor and its conduct in this regard. Whether she will succeed in her efforts is a matter primarily for the trial court.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Howard R. Haronian,* for plaintiff.

*Boss, Conlan, Keenan & Rice, John T. Keenan,* for defendant.