267 A.2d 424.

ARTHUR MAGGI *vs.* PASCO DE FUSCO *et al.*

JUNE 19, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This civil action was commenced by the plaintiff to recover for injuries suffered by him in a building owned by the defendants. The defendants were not only the landlords; they were also the contractors who constructed the building. In March 1969 the case was heard before a justice of the Superior Court and a jury.[1] After the plaintiff had rested, the defendants, without resting, moved for a directed verdict. The case is before this court on the plaintiff's appeal from the judgment entered pursuant to the trial justice's decision granting the defendants' motion for a directed verdict.

In 1953, defendants commenced the construction of a building at 399 Bald Hill Road, in the City of Warwick. In 1958, under an oral lease they rented the entire building to Fiore Pontiac, Inc. on a month-to-month basis. Under the terms of the lease, Fiore Pontiac agreed to maintain the interior of the building, and defendants agreed to maintain the roof.

On May 31, 1960, the plaintiff, while in the employ of

---

[1]The incident upon which this case is based occurred prior to January 10, 1966, the effective date of the Rhode Island Rules of Civil Procedure, on which date this action was then pending in the Superior Court. In accordance with Super. R. Civ. P. 86, we shall apply the new rules to this case.

Fiore Pontiac, was struck on the head by a cinder block which fell from the top row of blocks in a wall in the men's room. The distance between the floor and the top row of blocks was about nine feet. The men's room was located between the service and sales areas of the building and was available for use by Fiore Pontiac's employees and customers.

The plaintiff testified that he had used the men's room on many occasions during the one and one-half years he had been employed at Fiore Pontiac; that there were cracks in the wall and one could see loose cinder blocks; and that one could not help seeing the cracks in the walls and the loose cinder blocks. He admitted that he never mentioned what he saw to his superiors.

The plaintiff presented Andrew Beauvais, a general contractor, as a witness. Beauvais testified that settlement of the floor caused the wall in the men's room to shift and that eventually the shifting loosened the cinder blocks in the wall, causing one to fall and injure plaintiff. He also testified that proper footings would prevent settlement and that good construction practice requires soil boring tests to determine the placement and design of footings.

One of the defendants, who was called by plaintiff as an adverse witness, testified that footings were put under the outside walls and lally columns only. No soil tests nor test borings were made under the wall in question.

On the basis of the record before him, the trial justice found that all interior repairs were to be made by the tenant and the only responsibility the defendants had was taking care of the roof; that the uncontradicted evidence was that the building sank because of defendants' workmanship, as a result of which the inside wall moved laterally and eventually caused a cinder block to fall out and injure the plaintiff; and that the jury could reasonably infer from the evidence that this portion of the wall was

made up of cinder blocks three and one-half to four inches wide and that the top row protruded one and one-half to two inches beyond the rest of the wall, which would be obvious to either the landlord or the tenant.

In granting defendants' motion the trial justice assumed for the record that defendants' faulty construction of the building caused the cinder block to loosen and fall upon plaintiff. However, he also found that the testimony established that the looseness of the cinder blocks was obvious to anyone using the men's room. In the circumstances, he held that in the absence of a written contract, a landlord has no duty to a tenant to repair; that in the instant case, plaintiff was not a member of the public; and that therefore he derived whatever right he had from the tenant and could be in no better position than the tenant.

It is clear from a reading of the trial justice's decision that he viewed the evidence in the light most favorable to plaintiff. However, it is equally clear that in granting defendants' motion he treated this case as a straight landlord and tenant situation. The plaintiff now argues that the trial justice did not consider the fact that the landlord-defendants were also the contractors who had negligently built the building.

In passing on a motion for a directed verdict the trial justice is obliged to view the evidence in the light most favorable to the adverse party, to draw all reasonable inferences from the evidence favorable to that party; and to refrain from weighing the evidence and passing upon the credibility of the witnesses. *Waltz* v. *Aycrigg,* 103 R. I. 109, 112-113, 235 A.2d 338, 340. This court is bound by the same test. *Gomes* v. *J & P Realty Co.,* 89 R. I. 211, 217-218, 152 A.2d 205, 208. With these rules to guide us, we address ourselves to the questions raised by this appeal.

## I

We shall first consider the correctness of the trial justice's decision on the landlord-tenant theory of recovery.

It is well-settled in this state that a lessor is not liable for injuries sustained by a lessee or others on the leased premises with the consent of the lessee, except where the injuries result from a breach of the lessor's covenant to repair, *Rampone* v. *Wanskuck Buildings, Inc.,*[2] 102 R. I. 30, 227 A.2d 586, or where there is no covenant to repair and the injury results from a latent defect known to the lessor at the time of the letting and not made known by him to the lessee. *Marsh* v. *Bliss Realty, Inc.,* 97 R. I. 27, 195 A.2d 331; *Corcione* v. *Ruggieri,* 87 R. I. 182, 139 A.2d 388; *White* v. *Heffernan,* 60 R. I. 363, 198 A. 566; *Gorski* v. *Consolidated Rendering Co.,* 41 R. I. 339, 103 A. 907; *Whitehead* v. *Comstock & Co.,* 25 R. I. 423, 56 A. 446.

The facts of this case do not fit within either of the above exceptions. There is no evidence that defendants were under any obligation as landlords to repair the premises. In fact, there is uncontradicted evidence to the contrary — that the tenant, Fiore Pontiac, had agreed to maintain the interior of the premises and that the cinder block fell from a condition of disrepair in an interior wall of the building.

Furthermore, the record is bare of evidence that defendants knew of or concealed a defect at the time of the letting or at any other time. Also, the uncontradicted evidence is that the defect which caused plaintiff's injury was not latent but had been known to plaintiff for one and one-half years prior to the accident.

---

[2] In *Rampone,* an employee of a lessee sued the lessor for injuries suffered as a result of the lessor's alleged breach of its covenant to repair. We held that recovery in tort may be had against the landlord for breach of a covenant to repair, even if the breach consists of mere inaction on his part, and that such covenant redounds for protection of all those properly on the premises.

In the circumstances, in considering this case in its land-lord-tenant posture, the trial justice, viewing all of the evidence in the light most favorable to plaintiff, did not err in granting defendants' motion for a directed verdict.

## II

We consider next the question of defendants' liability in their status as individuals who constructed the building in question, keeping in mind that in this case the landlord and the builders are the same persons.

The plaintiff argues in substance that the doctrine of *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 111 N. E. 1050, should be extended in Rhode Island to cases involving real property, and that we should hold that contractors are liable for foreseeable harms to third persons caused by negligent construction. They cite *Hanna* v. *Fletcher*, 97 U. S. App. D. C. 310, 231 F.2d 469 (D.C. Cir. 1956), *cert. denied*, 351 U. S. 989, 76 S. Ct. 1051, 100 L.Ed. 1501; *Moran* v. *Pittsburgh-Des Moines Steel Co.*, 166 F.2d 908 (3rd Cir. 1948); *Pastorelli* v. *Associated Engineers, Inc.*, 176 F. Supp. 159 (D. R. I. 1959); *Foley* v. *Pittsburg-Des Moines Steel Co.*, 363 Pa. 1, 68 A.2d 517.

We have read these cases thoroughly and are especially impressed with the reasoning of Chief Judge Day in *Pastorelli* v. *Associated Engineers, Inc.*,[3] *supra*. However, on the record before us we do not reach the question of whether we should extend the principles enunciated in *MacPherson* to real property.

In the case at bar, even if we assume, as the trial justice did, that there was faulty construction, and even if we assume further that the *MacPherson* doctrine should be extended to real property, it would not apply here because

---

[3] In *Pastorelli*, which involved latent defects, the trial justice found that each of the defendants was negligent and that the negligence of each was a concurring proximate cause of the plaintiff's injuries.

the defect was obvious. See Restatement (Second) of Torts §388(b) and comment k at 306-307 (1965).

After considering all the issues raised by the parties; even though we have not hereinabove expressly referred to every one, we are of the opinion that the trial justice did not err in granting the defendants' motion for a directed verdict.

The judgment is affirmed.

Motion for reargument denied.

*Gunning & LaFazia, Raymond A. LaFazia, Edward P. Sowa, Jr.,* for plaintiff.

*John F. Cuzzone, Jr., Matthew F. Callaghan, Jr.,* for defendants.