**359 A.2d 40.**

ANGELINA R. GIVENS *et al. vs.*
UNION INVESTMENT CORPORATION.

JUNE 22, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

Doris J. The plaintiffs, Edward Givens and Angelina R. Givens, husband and wife, brought this complaint against the defendant, Union Investment Corporation, to recover damages resulting from a fall by Angelina on an interior stairway of a building owned by the defendant. The de-

fendant filed an answer. Thereafter, interrogatories propounded by the defendant were answered by Angelina from whom a deposition was also taken.

The defendant filed a motion for summary judgment under Super. R. Civ. P.56(c) on the ground that there was no genuine issue as to any material fact. The defendant relied on the pleadings, answers to interrogatories, Angelina's deposition and the affidavit of John Leach, an officer of defendant, Union Investment Corporation.

The trial justice granted defendant's motion for summary judgment. The case is before this court on plaintiffs' appeal from the judgment granting the motion for summary judgment.

In the resolution of the question before us, Rule 56(c) requires that the pleadings be examined in order to ascertain what were the factual issues, and thereafter that the affidavits, answers to interrogatories, depositions and other similar matters be considered to determine whether those issues were genuine and material. *Cardente* v. *Travelers Ins. Co.,* 112 R. I. 713, 315 A.2d 63 (1974); *Farrar* v. *Edgewood Yacht Club,* 111 R. I. 376, 302 A.2d 782 (1973); *Kirby, Inc. v. Weiler,* 108 R. I. 423, 276 A.2d 285 (1971).

If there existed a genuine issue of material fact then it was error to grant the motion. However, if the record disclosed no genuine issue as to any material fact, it was the duty of the trial justice to grant the motion if, on the facts, defendant would be entitled to judgment under applicable law. In passing on the motion, the trial justice was obliged to consider the pleadings, affidavit and answers to the interrogatories in the light most favorable to plaintiffs. *Kirby, Inc. v. Weiler, supra; Hodge v. Osteopathic Gen. Hosp.,* 107 R. I. 135, 265 A.2d 733 (1970). On appeal, this court is bound by the same rules. *Farrar v. Edgewood Yacht Club, supra.*

With these rules as our guide, we review the facts as as they appear in the record.

On August 24, 1968, defendant, as lessor, entered into a lease with Progress for Providence, Inc. as lessee, for premises at 358 Public Street in the city of Providence for a five-year term beginning September 1, 1968 and ending on August 31, 1973. The lease contained a provision which states "* * * that the said Lessee will keep the interior of the premises in good repair * * *." It also states, "* * * that the said Lessor, its successor or assigns, may at all reasonable times enter to view and make such repairs to such premises as may be necessary." There was no covenant or obligation in the lease requiring the lessor to make any repairs.

The plaintiff, Angelina, on May 2, 1969, while in the employ of lessee, slipped and fell while descending interior stairs in the leased premises. The plaintiffs in the complaint stated that there were no anti-slip devices on the stairway, no protective railing or warning sign, and that the stairs were rough, uneven and hazardous.

John Leach submitted an affidavit in which he describes himself as the sole officer, employee and stockholder of defendant. He stated that at the time of the accident the premises were leased by defendant to Progress for Providence, Inc. and that no latent or hidden defects existed in the leased premises at the time of the leasing.

The trial justice found that on the day of the accident the lease was in force and plaintiff, Angelina, was employed by Progress for Providence, Inc. which was in total control of the leased premises. He also found that the lessee was required to keep the interior of the leased premises in good repair. He further found that although the lessor was permitted to enter and view the premises at reasonable times and make such repairs as the lessor deemed necessary, never-

theless the lessor had no obligation under the lease to make repairs.

The trial justice after considering the answers to interrogatories and Angelina's deposition found that since she stated that there was no protective covering on the stairs, no protective railing, and that the stairs were rough, uneven and dangerous and that she described the stairs as worn, groovy or splintered, plaintiffs' claim is based not on a hidden or latent defect on the stairs but on obvious defects.

It is well-settled that a lessor is not liable for injuries sustained by a lessee or others on the leased premises with the consent of the lessee, except where the injuries result from a breach of the lessor's covenant to repair, *Rampone v. Wanskuck Bldgs., Inc.,* 102 R. I. 30, 227 A.2d 586 (1967), or where there is no covenant to repair and the injury results from a latent defect known to the lessor at the time of the letting and not made known by him to the lessee. *Maggi v. De Fusco,* 107 R. I. 278, 267 A.2d 424 (1970); *Marsh v. Bliss Realty, Inc.,* 97 R. I. 27, 195 A.2d 331 (1963).

The plaintiffs citing the case of *Bliss v. Londner,* 20 App. Div. 640, 246 N.Y.S.2d 296 (1964), which held that where a landlord reserved the right to enter and make repairs as she deemed necessary that she retained a privilege of ownership sufficient to hold the landlord liable in a tort action, argue that the phrase in the lease, "* * * that the said Lessor, its successor or assigns, may at all reasonable times enter to view and make such repairs to such premises as may be necessary," imposes liability on defendant to make repairs.

The trial justice interpreted this language to mean that the lessor was permitted to enter the premises at reasonable times and make such repairs as the lessor thought necessary.

The general rule which we endorse is that "[t]he inclusion in a lease of a provision reserving to the lessor the privilege to enter and to make repairs is commonly held not to obligate the lessor to make repairs." 2 Powell, *Real Property* §233(1) and cases cited therein. *Palimas v. Aress Realty Co.*, 130 Conn. 687, 37 A.2d 243 (1944); *Nash v. Goritson*, 174 Ore. 368, 149 P.2d 325 (1944); *Flynn v. Pan American Hotel Co.*, 143 Tex. 219, 183 S.W.2d 446 (1944); *see also Pitts v. Cincinnati Metropolitan Housing Authority*, 160 Ohio St. 129, 113 N.E.2d 869 (1953); *The Dalles City v. River Terminals Co.*, 226 F.2d 100 (9th Cir. 1955).

The trial justice therefore did not err in holding that the lease imposed no liability on the lessor to make repairs.

The plaintiffs next point out that Angelina's deposition reveals that she noticed no defect until after she fell on the stairs and was close enough "to see how worn or rough they really were." They argue that this is sufficient to raise a factual question as to whether there is a latent defect in the stairs. The defendant argues that plaintiffs' claim was based on obvious defects and that no material issue of fact exists as to whether condition of the stairs was a latent defect.

The trial justice found that plaintiffs' claim is based on an obviously defective and negligently maintained stairway. He made this finding after considering the complaint, answers to interrogatories and Angelina's deposition and viewing them in the light most favorable to plaintiffs.

In our reading of the record we can find no evidence that defendant was under any obligation to repair the premises. Nor is there any evidence in the record that defendant knew or concealed a latent defect in the premises at the time of the letting. On the contrary, the answers to the interrogatories and plaintiff Angelina's deposition indicate that the defects, if any, were obvious.

Having reviewed the record, we conclude as did the trial justice that there was no genuine issue as to any material fact, and that the trial justice correctly applied the law in granting summary judgment.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Howard I. Lipsey, Richard A. Boren,* for plaintiffs.

*Roberts & Willey Incorporated, David W. Carroll,* for defendant.