Helen K. WARD

v.

Lois WATSON et al.

No. 85–277–Appeal.

Supreme Court of Rhode Island.

April 27, 1987.

Carol A. Zangari, Paul A. Anderson, Anderson, Anderson & Zangari, Providence, for plaintiff.

Richard P. McMahon, McMahon & McMahon, Providence, for defendants.

## OPINION

MURRAY, Justice.

In this personal-injury case, the trial justice granted the defendant's motion for summary judgment. The plaintiff appeals.

The plaintiff alleges that she was visiting a friend in the friend's second-floor apartment. When plaintiff went to use the bathroom in her friend's apartment, she fell down the single step leading to the bathroom. It is not alleged that the step was in disrepair.

The defendant is the landlord of the apartment plaintiff was visiting. The plaintiff alleges that defendant failed to warn her of or to correct a hazardous condition, namely the step.

■ The long-settled rule in Rhode Island is that a landlord is not liable for injuries sustained by a tenant or guest on the tenant's premises, unless the injury results from a latent defect known to the landlord but not to the tenant, or from the landlord's breach of a covenant to repair. *Givens v. Union Investment Corp.*, 116 R.I. 539, 543, 359 A.2d 40, 42 (1976). The plaintiff contends that this court, in *Mariorenzi v. Joseph DiPonte, Inc.*, 114 R.I. 294, 333 A.2d 127 (1975), abolished this long-settled rule. We disagree.

In *Mariorenzi* we abolished the common-law rule which held that the extent to which a landowner owes a duty of care to one on his or her land is defined by the visitor's status as invitee, licensee or trespasser. Instead, we said, duty is to be defined by the extent to which the owner exercises reasonable care for the safety of persons reasonably expected to visit his or her premises.

Although *Mariorenzi* thus defines the duty of an owner or occupier of land, it does not settle, in any given case, the question of responsibility as between landlord and tenant toward third parties. The landlord-tenant rule stated in *Givens, supra*, answers that question in this case.

■ The plaintiff alleges in her complaint that it was the tenant, not the landlord, who "had care, custody and control over the second-floor premises." The injury occurred in the tenant's apartment, not in some common area controlled by the landlord. Further, nothing in the record indicates that the landlord had covenanted to repair the step or even that the step was in a state of disrepair. The tenant knew of

the step. It was not a latent defect. It was a patent condition.

█ Hence, the tenant, not the landlord, was the responsible occupier of the premises vis-a-vis the step in the second-floor apartment. Any duty regarding the step owed to the tenant's guest was thus owed by the tenant, not the landlord. The landlord was entitled to judgment as a matter of law.

For these reasons, the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed. The papers are remanded to the Superior Court.