[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is Defendant's, Fleet National Bank ("Fleet"), Motion for Summary Judgment. Plaintiff, Ann Grieco ("Grieco"), and defendant, National Development Group Inc. ("National"), have filed objections thereto.
This action arises out of an injury that occurred in a parking lot located at 1491 Atwood Avenue, Johnston, Rhode Island. At the time the accident occurred, National owned the parking lot and leased it to Fleet. Plaintiff alleges that she sustained her injuries when her left foot became "caught in loose asphalt" in the parking lot causing her to fall to the ground.
When ruling on a motion for summary judgment the court must consider the evidence and pleadings in a light most favorable to the party opposing the motion. R.I. R.C.P. 56; Lennon v.MacGregor, 423 A.2d 820 (R.I. (R.I. 1980). If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is properly entered. Tangleridge Dev. Corp. v. Joslin, 570 A.2d 1109 (R.I. 1990).
Fleet argues that since it had no responsibility to maintain or repair the parking lot, because a covenant to repair placed sole responsibility upon National, it is entitled to judgment on its behalf. National and Greico argue that in spite of the covenant to repair, Fleet is not entitled to summary judgment because it was not relieved of the duty to exercise reasonable care to prevent Greico's injuries. National and Grieco have not alleged that a genuine issue of material fact is raised by Fleet's motion. Therefore, this court must decide whether as a matter of law summary judgment should be granted.
Rhode Island courts have long recognized that a landlord who breaches a covenant to repair is liable for the resulting injuries sustained by the tenant or guest of the tenant. See,Ward v. Watson, 524 A.2d 1180, 1181 (R.I. 1987); Givens v.Union Investment Corporation, 116 R.I. 539, 543, 359 A.2d 40, 42 (1976); Maggi v. DeFusco, 107 R.I. 278, 282, 267 A.2d 424, 426 (1970); Rampone v. Wanskuck Buildings, Inc., 102 R.I. 30, 33,227 A.2d 586, 588-589 (1967). In the instant case, paragraph five (5) of the lease agreement between National and Fleet states in part:
 [t]he lessor shall at its sole cost and expense maintain in good order, repair, and condition during the term of this lease the sidewalks, right of way, and parking areas, both on the demised premises and on the land adjacent thereto shown on schedule B (including, without limitation, surfacing and resurfacing the hard top) . . .
(emphasis added). Paragraph twenty eight (28) of the lease agreement states:
 [t]he lessor, at the sole cost and expense of the lessor, will cause the parking areas and rights of way on the adjoining land and any portions of the demised premises which the lessee may from time to time make available for parking to be hard surfaced and pointed with stripes to designate parking spaces and to be adequately lighted during such periods of darkness as the premises of the lessee shall be open for business. The lessor shall keep such parking areas on the adjoining land and such portions of the demised premises so made available for parking clean and free of dirt, debris and accumulations of snow.
(emphasis added).
After viewing the evidence and pleadings in a light most favorable to Grieco and National, this Court concludes that as a matter of law paragraphs five (5) and twenty-eight (28) create a covenant in the lease that requires National to repair and maintain the parking lot. In support of their argument National and Grieco have cited case law of other jurisdictions. Such decisions may be looked to for guidance but Rhode Island case law is controlling. The Rhode Island Supreme Court has not embraced the view argued by National and Grieco. Therefore, Fleet's Motion for Summary Judgment is granted.
Counsel will prepare the appropriate order for entry.