[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on motion for summary judgment by defendant State of Rhode Island (hereinafter referred to as "State") pursuant to the Superior Court Rules of Civil Procedure, Rule 56.
Barbara McCrudden (hereinafter referred to as "plaintiff") was employed by the West Bay Residential Center at the time of her injury. Pursuant to the lease agreement, the West Bay Residential Center was designated as a facility to be used as an Intermediate Care Facility for the Mentally Retarded. On March 26, 1985, the State of Rhode Island leased this property at 35 Lancellotta Avenue, West Warwick, Rhode Island to West Bay Residential Service, Incorporated (hereinafter referred to as "Lessee") for the period of November 1, 1984 to October 31, 1989; whereby, the lessee was to operate the West Bay Residential Center on the premises. (Lease Agreement, p. 1).
Pursuant to the Maintenance and Operation portion of the lease, the Lessee was responsible for the maintenance of the premises, to make repairs, improvements, replacements, and alterations necessary to keep the property in good condition. The Lessees bore the further responsibility to keep the premises clean, neat and orderly at all times. (Lease Agreement, p. 3).
The obligations and duties of the Lessor/State of Rhode Island are clearly delineated within the lease. The Lessor/State shall make all inspections and anticipate and schedule major repairs so as to ensure orderly operation of the lessee's programs. Those major repairs are enumerated in Appendix B of the lease, and include the following:
 Exterior painting, roof repairs and replacement, chimney repairs or replacement, reappointing of brick facade, repair or replacement of gutters and downspouts, correcting interior damage due to roof leaks or surface water, replacement of permanent carpeting or refinishing of permanent flooring, replacement such as hot water heater, refrigerator, stove, boiler, etc., plumbing, hooking into municipal sewers, replacement of major septic drainage problems, and major electrical/plumbing repairs. (Lease Agreement, Appendix B).
The plaintiff was injured when she fell on a wet bathroom floor in the West Bay Residential Center. At the time of her injury the plaintiff was assisting a patient in the bathroom. The shower entrance in that bathroom was graded to permit wheelchair access, and the shower floor was sloped to allow for water drainage. The plaintiff asserts that this shower was defectively designed, so as to permit water to gather on the "highly glazed, non-porous" tiles, and such defect caused her to slip upon the tiles and sustain serious injuries. (Plaintiff's Memorandum, p. 1).
The State moves for summary judgment arguing that under the current law, the State, acting as landlord, would not be liable for plaintiff's injuries, and is entitled to judgment as a matter of law. The plaintiff contends that an issue of fact remains as to whether or not the State, as Lessor, breached a covenant to repair the premises, and such breach caused plaintiff's injuries. Furthermore, the plaintiff contends that if there were no covenant to repair, then a question remains as to whether the condition in the bathroom was a latent defect which was known or should have been known by the State as landlord, and which was undetectable by the tenant at the time of the lease.
Pursuant to Rule 56(b) of the Superior Court Rules of Civil Procedure, "a party against whom a claim, counterclaim, or cross claim is asserted or a declaratory judgment is sought, may, at any time, move with or without supporting affidavits for summary judgment in his favor as to all or any part thereof." R.C.P. 56(b).
In passing upon a motion for summary judgment, the trial justice must determine whether there is a genuine issue of material fact; if not, the trial justice must decide whether the moving party is entitled to judgment as a matter of law. Alfanov. Landers, 585 A.2d 651, 652 (R.I. 1991). In determining whether or not there is a genuine issue of material fact, the trial justice relies upon an examination of the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits of the parties. Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980). If no genuine issue of material fact is found, even when viewing the evidence in a light most favorable to the non-moving party, Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984), then the moving party is entitled to judgment under the applicable law. Belanger v. Silva, 114 R.I. 266, 267,331 A.2d 403, 404 (R.I. 1975); Marandola v. Hillcrest Builders, Inc.,102 R.I. 46, 49, 227 A.2d 785, 787 (R.I. 1967).
An adverse party to a summary judgment motion may not rest upon the mere allegations or denials in his or her pleadings; the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. R.C.P. 56(e). If this party opposing the motion establishes either by affidavit or by other means that a material issue of fact exists, then the Court must deny the motion. Grissom v. Pawtucket Trust Company,559 A.2d 1065, 1066 (R.I. 1989).
The plaintiff contends that an issue of fact remains as to whether or not the defect in the bathroom was a latent defect which was either known or should have been known by the State as landlord, and which was undetectable by the tenant at the time of the lease.
It is well settled law in this state that a lessor is not liable for injuries sustained by a lessee or others on the leased premises with the consent of the lessee, except where the injuries result from a breach of the lessor's covenant to repair,Rampone v. Wanskuck Bldgs. Inc., 102 R.I. 30, 227 A.2d 586
(1967), or where there is no covenant to repair and the injury results from a latent defect known to the lessor at the time of the letting and not made known to him by the lessee. Ward v.Watson, 524 A.2d 1108, 1109 (R.I. 1987), Givens v. UnionInvestment Corporation, 116 R.I. 539, 543, 359 A.2d 40, 42 (1976).
Rampone involved a lease agreement providing that a lessor would make certain repairs to the premises, including repair of holes in the wooden floors located on the premises. Id. at 587. During the lease period, a dangerous condition arose by way of a hole in the floor. The lessor was aware of this dangerous condition, yet he failed to comply with his obligation to repair same. As a result, the plaintiff, an employee of the lessee, was severely injured. Id. Our Supreme Court permitted recovery in tort for breach of a covenant to repair in the Rampone case.
As provided in the instant lease agreement, the lessor's obligations to repair are limited to major repairs previously enumerated. The condition of the bathroom floor and its alleged defect is an issue to be addressed at trial. Whether the condition was the obligation of the State to correct is a factual issue.
The motion is denied. Order to enter.