[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In her complaint, plaintiff avers in Count I that defendants Pease rented property to a grandson whose dog was known to them to be vicious. Defendants occupied no part of the rented premises. Plaintiff, lawfully on the premises, was bitten by the dog. Plaintiff further avers that defendants and each of them, including the grandson, wrongfully and unlawfully kept and harbored a vicious dog on the premises. Damages are sought from defendants and each of them for injuries allegedly suffered.
Count II avers plaintiff's injuries were due to negligent acts of the defendants who had full knowledge of the dog's vicious nature, that they were negligent in keeping the dog on the premises, that their conduct was heedless and reckless, that at the time of injury the dog was not restrained in any way and ran at large within the house. Count III seeks punitive damages. Defendants Pease moved for summary judgment, invoking R.C.P. 54(b). Plaintiff objected.
Before the Court are several affidavits, interrogatories and answers thereto and memoranda of counsel.
The Court is satisfied there is no basis for imposing liability on defendants Pease under Rhode Island landlord and tenant law. It is not illegal to keep a vicious dog on one's one premises. And the responsibility for control of such an animal, within the enclosure and without, lies directly upon the owner or keeper. The Court is unwilling to read into established Rhode Island law a principal enlarging liability of a landlord to his tenant or others on the leased premises:
 "It is well-settled that a lessor is not liable for injuries sustained by a lessee or others on the leased premises with the consent of the lessee, except where the injuries result from a breach of the lessor's covenant to repair, Rampone v. Wanskuck Bldgs., Inc., 102 R.I. 30, 227 A.2d 586
(1967), or where there is no covenant to repair and the injury results from a latent defect known to the lessor at the time of the letting and not made known by him to the lessee. Maggi v. DeFusco, 107 R.I. 278, 267 A.2d 424 (1970); Marsh v. Bliss Realty, Inc., 97 R.I. 27, 195 A.2d 331 (1963)." Givens v. Union Investment Corp., 359 A.2d 40, R.I. 116 at p. 543.
A vicious dog does not constitute a "defect" in premises. See Black's Law Dictionary, Fifth Edition, "defect" et seq., and "latent defect."
Turning now to the averment seeking to impose liability on defendants Pease as the owners or keepers of the dog, the only question the Court need consider is whether or not they were the owners. The Jamestown dog license lists after "name of owner", (Forrest Pease) and that is followed by the name Justin Guy Ballou, above and to the right of which is an arrow pointing down, with the word owner, double underlined.[1] And that ambiguity is clearly explained away by the Forrest A. Pease affidavit of September 19, 1991. Pease was not and never was the owner of the animal.
Plaintiff has submitted her own and other affidavits which do not change the picture here. They are largely violative of R.C.P. 56(e) which requires affidavits to be made on personal knowledge, setting forth facts which would be admissible in evidence. They raise no relevant issue of fact.
The Pease motion should be and hereby is granted. Counsel will present a form of partial judgment following directive of R.C.P. 54(b).
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.]
[1] See Appendix A.