**Mark GOODKIN**

v.

**Antoinette DeMAIO d/b/a DEMCO Realty Co.**

No. 94–545–Appeal.

Supreme Court of Rhode Island.

Sept. 15, 1995.

Elaine Giannini, John Mahoney, Patricia Asquith, Providence.

Kevin S. Cotter, Richard VanTienhoven, Providence.

### ORDER

This matter came before the Supreme Court on September 12, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

The plaintiff, Mark Goodkin, appeals from a summary judgment entered for defendant, Antoinette DeMaio d/b/a DEMCO Realty Co. in connection with a landlord-tenant dispute.

In his complaint, plaintiff alleges that, on June 9, 1989, a window in the guest room of his apartment fell, shattered, and injured his hand. At the time of the incident, plaintiff was a tenant in the apartment building owned by defendant. The plaintiff now claims that defendant breached the lease by failing to repair the defective window in the guest room and that defendant was negligent because she breached a duty to exercise reasonable care for the safety of the plaintiff.

On June 20, 1994, the defendant filed a motion for summary judgment. A hearing on the motion for summary judgment was held on August 30, 1994. At that hearing, plaintiff's counsel argued, *inter alia,* that a latent defect in the window existed and that the defendant was aware of the alleged defect. Plaintiff's counsel also claimed that, because the apartment building and its windows were in general disrepair, the defendant had knowledge of the specific defect in the window that fell and injured plaintiff's hand. The trial justice, however, found that plaintiff failed to show that a latent defect existed and that defendant was aware of the alleged latent defect. He therefore granted defendant's motion for summary judgment. On September 19, 1994, plaintiff filed this appeal. After hearing the arguments and reviewing the memoranda of counsel, we find that the trial justice incorrectly granted defendant's motion for summary judgment.

As we have often stated, we will uphold a trial justice's granting of summary judgment when our review reveals no issue of material fact and the moving party is entitled to judgment as a matter of law. *Hydro–Mfg. v. Kayser–Roth Corp.,* 640 A.2d 950, 954 (R.I. 1994). The well-settled rule in this state is that a landlord is not liable for injuries sustained by a tenant unless the injury results from a latent defect known to the landlord but not to the tenant, or from the landlord's breach of a covenant to repair. *Ward v. Watson,* 524 A.2d 1108, 1109 (R.I.1987). Here, the trial justice granted defendant's motion for summary judgment because plaintiff had failed to prove that a latent defect existed. Specifically, the trial justice noted that "[t]here is nothing in the factual situation that I've observed to explain why the

window fell." This finding, however, constitutes a factual determination. This Court has often stated that the function of the trial justice in ruling on a motion for summary judgment is issue finding, not issue determination. *Hodge v. Osteopathic General Hospital of Rhode Island,* 107 R.I. 135, 265 A.2d 733 (1970). Therefore, we find that a question of material fact exists regarding the existence of the alleged latent defect and that defendant was not entitled to judgment as a matter of law.

It is the conclusion of this Court that plaintiff's appeal be sustained, the order appealed from vacated, and the papers of the case remanded to the Superior Court.