MARY E. LUCEY vs. JOHN HOPE & SONS, ENGRAVING &
MANUFACTURING CO., et al.

MARCH 19, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   Automobiles.   Joint Enterprises.

Where defendants were at the time of the accident engaged in a common
enterprise or purpose, one of them driving the car and the other occupying
the back seat, and both equally interested in the automobile, the negligence
of the driver is imputable to the other rendering them jointly liable for
injuries to a third person.

TRESPASS ON THE CASE for negligence.   Heard on excep-
tions of defendants and overruled.

VINCENT, J.   This is an action of the case for negligence
brought by Mary E. Lucey against John Hope & Sons
Engraving & Manufacturing Company and William H.
Hope and Charles H. Hope, tentatively joined as by statute,
to recover damages for personal injuries resulting from a
collision between two automobiles proceeding in opposite
directions on Elmwood avenue in Providence.

The automobile in which the plaintiff was riding belonged
to Louis H. Comstock and was being driven by his chauffeur.
The other automobile was owned by the John Hope & Sons
Engraving & Manufacturing Company and was being op-
erated by the defendant Charles H. Hope, while his brother
William H. Hope and a mutual friend occupied the rear
seat.

The plaintiff was a trained nurse and in that capacity
was accompanying Mr. Comstock whose state of health
required her attendance and ministrations.

Immediately following this collision the Comstock auto-
mobile collided with an electric car of the Rhode Island
Company and from this second impact the plaintiff received
the injuries for which she is now seeking to recover damages.

The case was tried before a justice of the Superior Court,
sitting with a jury, as against the defendants Charles H.
Hope and William H. Hope, a nonsuit having been granted

as to the defendant John Hope & Sons Engraving & Manufacturing Company. The jury rendered a verdict for the plaintiff in the sum of $12,500. The defendants filed separate motions for a new trial which were denied and the case is now before us upon their individual bills of exceptions. The questions raised in both bills of exceptions are substantially the same.

The defendants excepted to certain portions of the charge of the court which they claim were misleading in that the language employed left the jury to infer that their verdict should be against the defendants jointly whereas they should have been instructed that they might render a verdict against either of the defendants.

This position of the defendants raises the question as to whether the excursion in which they were engaged upon the afternoon of the accident was in the nature of a joint enterprise which would make them jointly liable to compensate the plaintiff for the injuries which she sustained, or whether the driver of the defendants' automobile, Charles H. Hope, had the entire control and management thereof and, therefore, was the only one who could have been guilty of negligence and consequently wholly responsible for any damage resulting therefrom.

The automobile was the property of the John Hope & Sons Engraving & Manufacturing Company. It was not being used however, on the afternoon in question, in connection with the business of that corporation. It was being employed by the defendants Charles H. and William H. Hope in making an excursion into the country for their mutual entertainment and pleasure.

The law relating to joint enterprises is concisely stated in 20 R. C. L. at page 149 as follows: "If two or more persons unite in a joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will

be imputed to the others. Accordingly it has been held that where two persons are engaged in a joint enterprise in operating an automobile, the contributory negligence of one will bar a recovery by either, if it is a matter within the scope of the joint agreement. . . . Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management."

In 8 L. N. S. 628, note, we find it stated that, "When the driver of the vehicle and the injured passenger are engaged in a common enterprise or purpose in which each to some extent is responsible for the acts and conduct of the other, the driver's negligence is to be imputed to the passenger. *Payne v. Chicago, R. I. & P. R. Co.* 39 Iowa, 523; *Nesbit v. Garner*, 75 Iowa, 314, *McBride v. Des Moines City R. Co.* (Iowa) 109 N. W. 618." And further, "If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the means and agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to all the others. *Koplitz v. St. Paul*, 86 Minn. 373, *Johnson v. Gulf, C. &. S. F. R. Co.* 2 Tex. Civ. App. 139."

The law is so well settled that it would be useless to cite further authorities to determine the question as to what constitutes a common enterprise. So far as the joint liability of the defendants is concerned, it is only necessary to apply the established law to the facts presented by the evidence to reach a proper conclusion.

The automobile in which the defendants were riding was the property of the John Hope & Sons Engraving & Manufacturing Company, a corporation, and the defendants William H. and Charles H. Hope were, so far as appears,

the only persons having any interest in that company. There was no board of directors. All the offices of the company were filled by the two defendants William H. and Charles H. Hope.

The accident occurred on a Saturday afternoon. The two brothers had taken the car and, with an invited guest, were returning from a pleasure trip into the country. One of them was driving the car and the other was occupying a portion of the back seat. They were in the habit of making similar trips and for the same purpose. They were not only equally interested in the automobile but also in the object and purpose of the trip as well as the manner in which it should be conducted, the route of travel which should be chosen, and the places where they would halt for rest or refreshments.

We think that under these conditions William H. and Charles H. Hope were at the time of the accident engaged in a common enterprise or purpose and that the negligence of the one driving is imputable to the other under the authorities to some of which we have referred.

The exceptions of the defendants not relating to the question of a common enterprise we have examined without finding sufficient merit in them to warrant an extended or particular discussion.

The exceptions of the defendants are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*George F. Troy*, for plaintiff.
*Huddy, Emerson & Moulton*, for defendants.