JAMES AITKEN, PLAINTIFF-RESPONDENT, v. THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 27, 1939—Decided January 25, 1940.

For the defendant-appellant, *Drewen & Nugent* (*John Drewen* and *John Nugent*).

For the plaintiff-respondent, *Charles A. Rooney.*

The opinion of the court was delivered by

BODINE, J.   The appeal in this case is from a judgment in the District Court of the Second Judicial District of Hudson county, affirmed in the Supreme Court.   The holding was that Mary Aitken, the insured, met her death through external accidental means.   If we could disturb the finding on the weight of evidence, we would do so because the proofs from the mouth of her attending physician clearly demonstrate that the deceased died of coronary occlusion due to a long-standing disease of the arteries.

The official death certificate recites the cause of death as accidental injuries received from a fall from a ladder.   Such certificate was not made by the attending physician, but by the acting county physician.

*R. S.* 1937, 40:21-24 provides in part that: "In all cases of death in prison, and all violent, sudden or casual deaths within the county, the county physician shall view the body, and make all proper inquiries respecting the cause and manner of the death, for the purpose of ascertaining whether an inquest should be held." Presumably, the county physician examined the deceased pursuant to this statute, but made little or no inquiry such as would have revealed the true situation.

*R. S.* 26:6-8 provides that "* * * In the execution of a death certificate, the personal particulars shall be obtained from the person best qualified to supply them. The death and last sickness particulars shall *be supplied by the attending physician,* or if there be no attending physician, by the county physician, or coroner. The burial particulars shall be supplied by the undertaker. Each informant shall certify to the particulars supplied by him by signing his name below the list of items furnished." The duty to make a death certificate devolves upon the county physician when there is no attending physician. Where, as here, there was an attending physician the particulars should have been supplied by him.

The other tribunals, however, felt that the certificate improperly made without regard to law or truth must be given *prima facie* credence under the provision of *R. S.* 2:98-14, which is as follows (italics ours): "Certified copies and records of returns of vital statistics. Any original certificate of marriage, marriage license and consent to the marriage of minors, or any part thereof, and any copy of the record of any marriage, certified to be a true copy under the hand of the state registrar of vital statistics, any original certificate of birth or death, or any copy thereof, or any copy of the record thereof, certified to be a true copy under the hand of the state registrar of vital statistics; any transcript of return of death, marriage or birth, *made by any person according to law,* to any officer or board empowered by law to receive the same or of the record of such return, such transcript being a copy of the return as originally made or a copy of the record thereof as recorded according to law, when such transcript shall be signed by the officer required

by law to return or record the same as the case may be and, by him certified to be a true copy of said return or record, shall be received as *prima facie* evidence of the facts therein stated in all courts and places." We think that it is only the death certificate made in accordance with law that is *prima facie* evidence of the facts stated. *Ridgeway* v. *Real Estate Operating Co.*, 15 *N. J. Mis. R.* 477; *affirmed,* 121 *N. J. L.* 585.

Because equity may relieve against such a certificate as here (*Vanderbilt* v. *Mitchell,* 72 *N. J. Eq.* 910), is no reason why the courts of law should be controlled thereby, when the undisputed evidence in this case revealed that the acting county physician had no knowledge of the facts reported by him and that there was an attending physician able and competent to state the cause of death. The report was not made in accordance with the law. Had it been it would have established death by disease. The report should not be given an effect to defeat the proper determination of the case.

The judgment is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.