216 A.2d 126.

RENA NOLAN *vs.* DOUGLAS D. BACON.

JANUARY 14, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This action of trespass on the case for negligence was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant. It is before us on the plaintiff's exception to such decision, she having expressly waived her remaining exceptions.

The amended declaration alleges that defendant "operated his automobile in a negligent manner so that it struck the automobile of the plaintiff, causing great damage thereto." In addition to a plea of the general issue defendant filed a second plea denying that at the time of the accident his automobile was being operated by him, or by any agent or servant, or by any person with his permission or consent. The plaintiff filed a replication to defendant's second plea alleging "that the defendant imporoperly [sic] parked his automobile on said highway, leaving the motor going and failed to have his tires properly turned against the curb, and that he sent out an inexperienced and unskilled person under age to shut the motor off; that as a consequence of such action, defendant's automobile was set into motion by said person, causing it to strike and damage the plaintiff's automobile."

The defendant's rejoinder to such replication states "that the alleged improper parking, leaving of his motor running and failing to turn his tires against the curb were not the proximate cause of the accident; and he further denies that he sent any person to his motor vehicle to do anything to or with any part of said motor vehicle * * *." Notwithstanding the pleadings there is no evidence with respect to defendant's "failing to turn his tires against the curb * * *." The burden of proof on this issue was on plaintiff. Since she has failed to sustain such burden we shall consider this appeal solely on the evidence in the record.

Gaulin avenue, a public highway in the city of Woonsocket, is a steep hill running north and south. On October 4, 1962, plaintiff's daughter, Mrs. Carol McGee, parked her mother's car on the right-hand side of said highway in front of her aunt's house. The car was pointing downhill in a southerly direction. The defendant had parked his car at the crest of the hill heading in a northerly direction on the opposite side of the street, leaving his keys in the ignition, the motor running and the emergency brake set.

Mrs. McGee testified that after the crash, which neither she nor defendant witnessed, the latter stated at the scene that he had "sent a girl out to turn the key off and the car rolled down the hill." Certain statements contained in a police report signed by defendant are in evidence.

At the trial defendant testified that on the day in question he parked his car in front of the house of his brother-in-law Louis Handy and that as he was going in two girls, Margaret L. Franklin, age 13, and her girl friend Yvette M. Ayotte, age 14, were coming out. A third girl, Rotha P. Woodward age 16, was babysitting for Mr. Handy. There is testimony that these girls came back and told defendant that his motor was running. He denied that he ever told the girls to do anything with respect to his car other than "to leave it alone."

Miss Franklin testified that she saw defendant enter Mr. Handy's house at the time in question; that the car was parked on the hill with the motor running; that she was accompanied by Miss Ayotte; that they started down the hill but because it began to rain they decided to return to Mr. Handy's home; that upon their return they noted that the motor was still running; that they sat in the car to wait for defendant hoping that he might give them a ride; that while they were waiting, they were wrestling with each other and accidentally disturbed the emergency brake; that the car began to move; that she turned off the ignition key to stop it but it kept moving; that she was able to get out of the car; and that she saw it strike plaintiff's automobile. She admitted that she told defendant that the motor was running and that he told her and her friend to leave the car alone.

Miss Franklin admitted that she was unclear as to the details which she had given to the Woonsocket police at the time of the accident. It is also clear that almost anything which defendant may have told the police pertaining to how the accident happened had to come from some other source since he was not an eyewitness to the accident.

After carefully reviewing all of the evidence the trial justice, while noting that Miss Franklin's testimony and certain statements in the police report were not entirely irreconcilable, found that, insofar as there was any conflict between the two, Miss Franklin's testimony was entitled to more weight and credibility "than that which may emerge as an officer's account of that which was told to him." In the circumstances he held that Miss Franklin was at no time in possession or control of defendant's automobile with his consent, express or implied.

We come now to the question whether the proximate cause of the accident was defendant's alleged violation of G. L. 1956, §31-22-1, which reads as follows:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway."

On this issue the trial justice held that "the entry into the motor vehicle by the young girls * * * constituted * * * an independent, efficient intervening cause and that the leaving of the key in the ignition, the mode by which the car was parked and the motor left running constituted in this situation a condition rather than a cause and that it was not a foreseeable consequence of this action that the two young ladies would enter the car, begin to wrestle and move the emergency brake from its position." On the basis of the record before him the trial justice concluded that, on this issue, the case was governed by *Clements* v. *Tashjoin*, 92 R. I. 308.

Under her exception plaintiff raises two issues. First, she contends that the decision of the trial justice is clearly wrong because he misconceived or overlooked material evidence in arriving at his decision. This contention finds no support in the record. A careful reading of the transcript and of the decision shows clearly that on the question of agency the trial justice accepted Miss Franklin's testimony as reasonably credible, and implicitly if not expressly rejected any other evidence in conflict with her version. There is nothing in the decision to support plaintiff's claim that the trial justice overlooked the testimony of Mrs. McGee on this issue. Here again he accepted Miss Franklin's testimony that defendant told her to leave the car alone; implicitly he rejected Mrs. McGee's testimony even though he did not expressly refer thereto. In view of his express statement that he accepted Miss Franklin's testimony rather than any statement in the police report, it becomes unnecessary, in our opinion, to belabor this issue.

It is well settled that on conflicting evidence the findings of fact by a trial justice sitting without a jury are entitled to great weight and will not be set aside unless they are clearly wrong and fail to do justice between the parties. The plaintiff has failed to persuade us that the trial justice misconceived or overlooked any material evidence or that his decision fails to do justice between the parties. On this record we cannot say that he was clearly wrong. *Levy* v. *Equitable Fire & Marine Ins. Co.*, 88 R. I. 252.

We come now to plaintiff's contention under her second issue. In our opinion the trial justice did not err in applying the rule of *Clements* v. *Tashjoin, supra*, to the facts found by him. While factually that case and the case at bar differ, it does not necessarily follow that the rationale of the former is not applicable here. We discussed this question at length in *Clements* v. *Tashjoin, supra*, and it will therefore serve no useful purpose to repeat the general principles of law applicable in negligence cases where there has been a violation of law. Suffice to say that "a defendant's original act of negligence will be considered as a remote and not a proximate cause of a plaintiff's injury when there is an intervening act on the part of a responsible third person unless it be made to appear that the defendant reasonably should have anticipated that such an intervening act would be a natural and probable consequence of his own act." See concurring opinion of Mr. Justice Roberts in *Clements, supra*, at page 315.

In the case at bar the trial justice found, as we have already stated, "that it was not a foreseeable consequence of this action that the two young ladies would enter the car, begin to wrestle and move the emergency brake from its position." In our opinion this finding is warranted by the evidence and in the circumstances the trial justice correctly held that the case at bar was governed by *Clements* v. *Tashjoin, supra*.

The plaintiff's exception to the decision is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Martin M. Zucker,* for plaintiff.

*Richard J. Israel,* for defendant.