302 A.2d 782.
DONALD B. FARRAR *vs.* EDGEWOOD YACHT CLUB.

APRIL 11, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is an appeal from the entry of summary judgment by a justice of the Superior Court. The complaint by the plaintiff alleges negligence by the defendant, Edgewood Yacht Club.

The case was reached for trial in the Superior Court on May 8, 1972. The defendant moved for summary judgment and the cause was submitted on an agreed record which consisted of the complaint, defendant's answer, deposition of plaintiff, deposition of Francis J. Tetreault, and a copy of defendant's articles of association.

The defendant moved for summary judgment under Super. R. Civ. P. 56(b) and (c), which motion was granted by the trial justice, and plaintiff has appealed to this court. The question to be decided by us is whether or not the trial justice was correct in granting defendant's motion for summary judgment on the agreed record.

The initial question for the trial justice was whether there was a genuine issue as to any material fact. In the determination of that question Rule 56(c) requires that the pleadings be examined in order to ascertain what were the issues and that thereafter the depositions and other similar matters included in the agreed record be considered to determine whether those issues were genuine and material. If there existed a genuine issue of material fact, then it would be error to grant the motion. On the other hand, if the record disclosed no genuine issue as to any material

fact, it was the duty of the trial justice to grant the motion if on the facts defendant would be entitled to judgment under applicable law. In passing on the motion the trial justice was obliged to consider the factual assertions in the light most favorable to plaintiff. On appeal this court is bound by the same rules. *Kirby, Inc.* v. *Weiler,* 108 R. I. 423, 276 A.2d 285 (1971).

In order to determine the correctness of the trial justice's decision, we must review the facts as they appear in the depositions which are part of the agreed record. The defendant, Edgewood Yacht Club, is a nonbusiness corporation incorporated under the laws of the state of Rhode Island in 1902, and according to the articles of association was formed for the purpose of "encouraging yachting and for social purposes."

According to his deposition, plaintiff was a member of defendant yacht club and had been requested, along with other members, to assist in certain renovation work in the club building on Saturday, March 25, 1967. When plaintiff arrived at the club on the Saturday in question, the work had already begun and he joined with other club members in taking cover off the walls. After lunch, which was prepared by the wives of club members, plaintiff along with other members started to work on the stage of the club hall. While he was standing on a ladder and holding on to a beam, and while hammering nails into studs which were connected to the beam, the beam moved and the framework toppled causing plaintiff to fall and suffer injury. The plaintiff stated he did not know why the beam moved, that there was nothing wrong with the ladder on which he was standing, and that no one had instructed him to hold on to the beam. The work was being done on a voluntary basis by the club members and plaintiff stated that as a member he had volunteered to assist in doing the work.

The deposition of Francis J. Tetreault discloses that he was a member of the club, and also a brother-in-law of plaintiff and that he along with others had requested plaintiff to volunteer for the renovation project. Tetreault was also assisting in the project as a volunteer worker. He also stated that since he was engaged in the lumber business he had some knowledge of lumber and that he was measuring and cutting the lumber being used by other members, including plaintiff. Tetreault further stated that the beam which plaintiff was holding for support had been temporarily nailed by other members and the weight of plaintiff caused the temporary nailing to come loose. There was no evidence on the record that the club had hired anyone to supervise or direct the work.

Counts I, II and III of the complaint alleging master and servant relationship are not bases for recovery by plaintiff since there was no contract of employment set forth or alleged in the agreed record and consequently no relationship of master and servant existed between defendant and plaintiff.

Count IV of the complaint alleges the duty of reasonable care owed by defendant to plaintiff. It is apparent that the trial justice relied on the case of *Coleman* v. *California Yearly Meeting of Friends Church,* 27 Cal. App.2d 579, 81 P.2d 469 (Ct. App. 1938), and concluded that defendant and plaintiff here as in *Coleman* were engaged in a joint enterprise. He consequently found no duty of reasonable care owed by defendant to plaintiff.

The plaintiff arguing contrary to *Coleman* directs our attention to *Fernquist* v. *San Francisco Presbytery,* 152 Cal. App.2d 405, 313 P.2d 192 (Ct. App. 1957), which appears to be of no aid to plaintiff. It is distinguishable from *Coleman* in that, in *Fernquist,* the defendant church hired an independent carpenter who acted as a supervisor of the unskilled volunteer worker and the negligence was that the

independent supervisor did not properly instruct the unskilled volunteer worker or else the worker failed to heed the instructions, thereby causing injury to the plaintiff. Here, there was no evidence on the record of any hiring by defendant Yacht Club of any outside independent person to either supervise or direct the work in which the members were gratuitously engaged.

In the law of negligence, the term "common" or "joint" enterprise means an association of two or more persons in the pursuit of a common purpose under such circumstances that each has the authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose; as a result of which the negligence of one participant may be imputed to another so as to bar recovery against a negligent defendant. *Lucey* v. *John Hope & Sons,* 45 R. I. 103, 120 A.62 (1923).

There has been a tendency in some jurisdictions to limit the application of this rule. However, it appears that a majority of jurisdictions still adhere to the rule as stated in *Lucey, supra,* and as applied under the conditions discussed therein, we believe it is the better rule. *Morrarty* v. *Reali,* 100 R. I. 689, 219 A.2d 404 (1966).

The plaintiff contends that there are issues of fact which have not been considered and which he strongly urges should be a matter of concern even though not part of the record. This court, as in the case of the court below, is limited to a consideration of the record only, the case having been submitted on an agreed record. It appears that plaintiff, having failed to file affidavits raising issues of fact, which was his right under Rule 56(e), is now precluded from urging as he does that issues of fact exist which are not part of the record.

We have reviewed the agreed record and have concluded as did the court below that there was no genuine issue as to

any material fact, and that the trial justice correctly applied the law in granting summary judgment.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

Petition for reargument denied.

*Perry Shatkin,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, John F. Dolan,* for defendant.