William H. WALSH

v.

ISRAEL COUTURE POST, No. 2274
V.F.W. OF THE UNITED
STATES et al.

No. 86–366–Appeal.

Supreme Court of Rhode Island.

June 20, 1988.

Robert R. Nocera, Pawtucket, Steven Placella, Providence, for plaintiff.

A. Laurison Parks & Francis A. Gaschen, Providence, for Victor Landry et al.

Thomas C. Angelone, William A. Poore, Providence, for L.W. Fountaine Trucking, Inc.

Robert Rossi, Ronald A. Morin, East Providence, for Israel Couture Post.

## OPINION

MURRAY, Justice.

This case is before this court on the cross-appeals of the plaintiff, William H. Walsh (Walsh), and the defendants, Israel Couture Post No. 2274, Veterans of Foreign Wars of the United States (the VFW), and the officers thereof and the defendant L.W. Fontaine Trucking Co., Inc. (Fontaine). The plaintiff appeals from the judgment of the trial justice insofar as he granted the VFW and Fontaine a new trial on the issue of damages. The plaintiff further appeals from a judgment of the trial justice in favor of the defendant Israel Couture Post Realty Inc. (Realty, Inc.), granting it a directed verdict. The the VFW and Fontaine appeal from the denial of their respective motions for a directed verdict or, in the alternative, a new trial. Because we hold that the trial justice should have directed a verdict in favor of VFW and Fontaine, we affirm in part and reverse in part.

The instant dispute centers on a claim for damages interposed by plaintiff in connection with a personal injury sustained by him when he fell off a wooden walkway on the outside of a building used by the VFW as a meeting house. The building was owned by Realty, Inc., but was under the sole control of the VFW. The VFW is an unincorporated association.[1] The plaintiff's injury occurred when he leaned against a railing that surrounded the wooden walkway adverted to previously. The railing had become dislodged nine days earlier, when a post to which it was attached was struck by a truck owned by Fontaine. The VFW had actual notice of the damaged post on the day that the truck struck the post.

The plaintiff was a member of the VFW at the time of the accident. He was also a member of the House Committee of the VFW (the committee). The functions of the committee include the maintenance and repair of the building. Several credible witnesses testified that plaintiff told them that he fell while throwing trash over the railing pursuant to his duties as a member of the committee. The plaintiff, on the other hand, testified that he was injured while inspecting a disfunctional light. He claims that he inspected the light in his capacity as an electrician. The plaintiff concedes that he had actual notice of the defective rail.

I

## THE UNINCORPORATED ASSOCIATION

The officers of the VFW assert that the trial justice committed reversible error in denying their motion for a directed verdict. We agree. In reviewing the denial of a motion for a directed verdict, we are required, like the trial justice, to examine all the evidence in the light most favorable to the nonmoving party, giving no consideration to the weight of the evidence or the credibility of the witnesses, and to draw from the evidence only those reasonable inferences that support the position of the nonmoving party. The motion should be denied if our examination reveals evidence upon which reasonable minds can differ. *See Menard & Co. Masonry Building Contractors v. Marshall Building Systems, Inc.*, 539 A.2d 523 (R.I. 1988) (citing *D'Arezzo v. Bowden*, 512 A.2d 843 (R.I. 1986)). However, where the undisputed evidence results in a verdict that is totally devoid of legal support, the direction of a verdict on appeal is an appropriate remedy. *See Aitken v. John Hancock Mut. Life Ins. Co.*, 122 N.J.L. 436, 437–39, 6 A.2d 133, 134

---

1. An unincorporated association is not a proper party in a law suit under the law of Rhode Island. *Guild v. Allen*, 28 R.I. 430, 434, 67 A. 855, 857 (1907). General Laws 1956 (1969 Reenactment) § 9–2–12 provides that actions against unincorporated associations may be brought against certain officers or associates named therein. Because we hold that recovery by plaintiff against the VFW is barred upon the ground that the negligence of the VFW is imputable to plaintiff, *see infra*, we do not reach the question whether an action against the associates of the VFW is barred by G.L. 1956 (1969 Reenactment) § 9–1–14, as amended by P.L. 1976, ch. 188, § 1, the applicable statute of limitation with respect to actions to recover for personal injuries.

(1939), *rev'd on other grounds*, 124 N.J.L. 58, 10 A.2d 745 (1940).

█ Although the evidence that plaintiff was acting in the capacity of an independent contractor when he sustained his injury is highly dubious at best, we assume it to be true for purposes of determining whether the trial justice correctly denied the motion for a directed verdict. Thus we assume that plaintiff was on the walkway as a contractor, inspecting a lighting fixture. At the moment plaintiff stepped onto said walkway, he was also a member of the VFW. As mentioned earlier, the VFW is an unincorporated association. The members of such an association are engaged in a joint enterprise. That is to say, the members become associated in the pursuit of a common purpose in such circumstances that each has the authority to act for all with regard to the means or agencies employed to execute such common purpose. *Farrar v. Edgewood Yacht Club*, 111 R.I. 376, 380, 302 A.2d 782, 784 (1973). As a result, when adverse parties are members of a joint enterprise, the negligence of the defendant is imputed to the plaintiff and acts as a bar to recovery. *Id.*

█ The plaintiff asks us to view him as a contractor rather than as a member of a joint enterprise, to whom the negligence of other members of said joint enterprise is imputable. This we cannot do. It is undisputed that plaintiff was a member of the VFW at the time of his injury. It is likewise undisputed that the VFW is an unincorporated association engaged in a joint enterprise. All members of a joint enterprise are chargeable with the negligence of a member of the joint enterprise when such member acts within the scope of the agency created by said joint enterprise. *See Farrar*, 111 R.I. at 380, 302 A.2d at 784. Simply put, this means that plaintiff is himself chargeable with the negligence that caused his own injury. Were we to allow recovery in these circumstances we would, in effect, countenance a situation in which a party would be both plaintiff and defendant. Such a holding would place in disarray long-settled case law in this jurisdiction, *Farrar*, 111 R.I. at 380, 302 A.2d at

784; *Lucey v. John Hope & Sons*, 45 R.I. 103, 120 A. 62 (1923), and does not accord with the dictates of logic and common sense. Thus we hold as a matter of law that the trial justice should have granted a directed verdict to the officers of the VFW. In failing to do so, he committed reversible error.

## II

### L.W. FONTAINE TRUCKING CO. INC.

█ Fontaine likewise asserts as reversible error the failure of the trial justice to grant it a directed verdict. We hold as a matter of law that the failure of the VFW, for a period of nine days, to seal off the area subject to the dangerous condition or, at minimum, to post warning signs constitutes an independent intervening cause that relieves Fontaine of liability for plaintiff's injury. Thus, the trial justice committed reversible error in failing to direct a verdict for Fontaine.

Uncontradicted evidence shows that the VFW had knowledge on Friday, August 29, 1980, of the fact that earlier that day a truck owned by Fontaine had dislodged a post supporting the railing that collapsed, causing plaintiff's injuries. The existence of the defective condition was generally known to members of the VFW. An employee of the VFW called Fontaine on August 29, 1980, and asked that a representative of Fontaine call plaintiff on Tuesday, September 2, 1980. Leo Fontaine called the VFW on the day specified and asked for plaintiff. Fontaine spoke with an unnamed person and authorized repairs. He further directed that the bill for said repairs be sent to Fontaine. Fontaine paid the bill. The accident occurred on September 7, 1980, nine days after the VFW had become aware of the damage to its premises. During that nine-day period the VFW did nothing to repair, to post warnings at, or to close off access to the damaged area.

This court has long held that when a second actor has become aware of the existence of a potential danger caused by the negligence of a first actor and the second actor acts negligently with regard to the

dangerous condition, thereby bringing about an accident with injurious consequences to others, the first actor is relieved of liability. This is so because the condition created by the first actor is merely a circumstance and not the proximate cause of the accident. *Drazen v. Otis Elevator Co.*, 96 R.I. 114, 119, 189 A.2d 693, 695 (1963) (citing 38 Am.Jur. *Negligence* § 72 at 731).

■ The plaintiff correctly points out that an intervening act of negligence will not insulate an original tortfeasor if it appears that such intervening act is a natural and probable consequence of the initial tortfeasor's act. *Nolan v. Bacon*, 100 R.I. 360, 365, 216 A.2d 126, 129 (1966). "If, however, the intervening cause was not reasonably foreseeable, the intervening or secondary act becomes the sole proximate cause of the plaintiff's injuries." *Almeida v. Town of North Providence*, 468 A.2d 915, 917 (R.I. 1983). We hold as a matter of law that the failure by the VFW, a responsible third party, *Nolan v. Bacon*, 100 R.I. at 365, 216 A.2d at 129, either to repair, to post warnings at, or to close access to a dangerous condition for a period of nine days was not foreseeable and thus constitutes an independent intervening cause.

The plaintiff attempts to make much of the fact that Fontaine did not inspect the damage done by its truck or "see to it" that repairs were made, signs posted, or access blocked. We merely note that such acts would render Fontaine a trespasser. In the factual circumstances presented here, Fontaine could do no more than to bring notice of the damage done to the premises to the attention of the VFW.[2] The total lack of activity by the VFW relative to the dangerous condition on the premises over which it had sole control for a period of nine days serves as an independent intervening cause, sufficient to relieve Fontaine of all liability for plaintiff's injury. As a result, the trial justice committed

reversible error in failing to direct a verdict on behalf of Fontaine.

### III

### ISRAEL COUTURE POST REALTY, INC.

■ The plaintiff appeals from the judgment of the trial justice granting a motion by Realty, Inc. for a directed verdict. We hold that the trial justice did not commit reversible error in granting said motion.

As previously stated, Realty, Inc. is the owner of the premises at which the injury complained of occurred. It is the landlord of the VFW under an oral lease. The plaintiff was unable to adduce any evidence at trial that Realty, Inc. covenanted to repair the meeting hall. Indeed, the evidence shows that the maintenance and repair of the building was the responsibility of the VFW, and more specifically the committee of which plaintiff was a member. We also note that the defect in the rail that gave way, resulting in plaintiff's injury, was not a latent defect, existing at the time the parties entered into the leasehold agreement. *Maggi v. De Fusco*, 107 R.I. 278, 267 A.2d 424 (1970). Rather the damage occurred subsequent to the commencement of the landlord-tenant agreement, and the damage to the railing was apparent upon visual inspection. Nor was the area where the injury occurred a "common area" over which Realty, Inc. retained control. *Gormley v. Vartian*, 121 R.I. 770, 780, 403 A.2d 256, 261 (1979).

This court has consistently held that a landlord who has leased an entire building to a tenant and has not expressly covenanted to make repairs has no duty to keep any part of the building in good repair. Such landlord may not be held liable to the tenant or a licensee or invitee of said tenant for any injury or damages caused by a supervening dangerous condition of the premises, resulting from a failure to repair

2. We do not view the telephone call by an employee of the VFW to Fontaine informing it that a truck owned by Fontaine damaged a support post as having significance beyond indicating that the VFW had actual notice of the damage to

the premises on the day that the post became dislodged. Notice by the defendant is required only when the party in possession of the damaged property is unaware of said damage.

said premises. *See Leonick v. Manville Jenckes Corp.*, 60 R.I. 247, 249–50, 198 A. 245, 246–47 (1938). Realty, Inc. clearly falls within the ambit of our holding in *Leonick.* Thus the trial justice correctly granted Realty, Inc.'s motion for a directed verdict.

We have considered the other assertions of error by the parties and find them to be without merit.

Accordingly the judgment of the trial justice is affirmed in part and reversed in part. The case is remanded for the entry of judgment in accordance with this opinion.