Lawrence **BREWSTER** et al.

v.

**B.T. EQUIPMENT CO.** et al.

v.

**MONTGOMERY ELEVATOR CO.**

No. 92–574–Appeal.

Supreme Court of Rhode Island.

June 1, 1993.

269, 119 N.E.2d 47 (1954).

C. Russell Bengtson, Carroll, Kelly & Murphy, Providence, for plaintiff.

Christopher Little, Thomas Angelone, Hodosh, Spinella & Angelone, Providence, Stephen Morrissey, Morneau & Murphy, Jamestown, for defendant.

## OPINION

PER CURIAM.

This case came before a panel of this court pursuant to an order directed to all the parties to appear and show cause why we should not resolve the issues raised by this appeal summarily. After hearing the arguments and reviewing the memoranda of counsel, we believe the parties have failed to show cause.

In September of 1983 an accident occurred at the Fleet Center in Providence, Rhode Island, involving an outside construction elevator also known as a personnel or equipment hoist. Three individuals, Lawrence Brewster (Brewster), Richard Gleason (Gleason), and John O'Sullivan (O'Sullivan), were working with the hoist when the elevator plunged 120 feet, seriously injuring the individuals.

Following this accident, Brewster filed suit against B.T. Equipment Co. (B.T. Equipment), the purchaser of the equipment hoist; American Pecco Corp. (American Pecco), the United States distributor of the equipment hoist; Gilbane Building Corp. (Gilbane), the construction manager of the Fleet Center; Tornborgs Maskinsfabrik A.B. (Tornborgs), the designer and manufacturer of the equipment hoist; and the State of Rhode Island, the employer of the state elevator inspector. Montgomery Elevator Co. (Montgomery Elevator) was named as a third-party defendant on the Brewster claim.

Three of the original defendants, B.T. Equipment, American Pecco, and Gilbane, settled with Brewster, Gleason, and O'Sullivan. B.T. Equipment, American Pecco, and Gilbane subsequently obtained contribution from Tornborgs.

The action before us today involves the efforts of B.T. Equipment, American Pecco, and Gilbane to obtain contribution from Montgomery Elevator, the company that assisted in the construction and maintenance of the equipment hoist. This contribution proceeding went to trial in order for a jury to determine the allocation of fault among the various parties. Following the presentation of the evidence, the jury returned a verdict finding B.T. Equipment 10 percent negligent, Gilbane 4 percent negligent, American Pecco 30 percent negligent, Tornborgs 31 percent negligent, and Montgomery Elevator 25 percent negligent.

On this appeal Montgomery Elevator contests the jury's finding that it was 25 percent negligent and argues that the trial justice should have granted a directed verdict on its behalf or, in the alternative, that the trial justice should have granted Montgomery Elevator a new trial.

Montgomery Elevator argues that three separate acts caused this equipment hoist to fall 120 feet: (1) the elevator ran beyond the top of the tower upon which it was attached, (2) once over the top of the tower, the motor unit on the elevator fell backward, disengaging the braking mechanism, and (3) the overspeed governor, a mechanism designed to slow down and stop the elevator, failed to work properly.

At the time of this accident, Gleason, an employee of Montgomery Elevator, was operating the elevator when the compartment ran beyond the top of the tower. Montgomery Elevator asserts that even if the first act, the running of the elevator beyond the top of the tower, was an act of negligence attributable to Montgomery Elevator, the disengaging of the brake and the failure of the overspeed governor were two unforeseeable intervening causes of the accident that should relieve Montgomery Elevator of liability. *Walsh v. Israel Couture Post, No. 2274*, 542 A.2d 1094,

1097 (R.I.1988) (stating that if an intervening cause is "not reasonably foreseeable, the intervening or secondary act becomes the sole proximate cause of the plaintiff's injuries").

■ Our review of the record reveals that there was sufficient evidence for the trial justice to conclude that Gleason's operation of the equipment hoist was a concurrent cause of the accident and that the two intervening acts of negligence did not relieve Montgomery Elevator of liability as a matter of law.

■ In addition we find no merit in Montgomery Elevator's contention that B.T. Equipment, American Pecco, and Gilbane failed to present a prima facie case of negligence concerning Montgomery Elevator. On the basis of the testimony of Dr. Marc H. Richman, a professor of engineering at Brown University, sufficient evidence exists to conclude that Gleason operated the elevator negligently.

■ Finally Montgomery Elevator argues that the trial justice improperly allocated money obtained pursuant to the settlement agreement with Tornborgs, the designer and manufacturer of the hoist. The trial justice allocated the contribution payment obtained from Tornborgs among the three original plaintiffs in this case: Brewster, Gleason, and O'Sullivan. As noted earlier, Montgomery Elevator was named as a third-party defendant on the Brewster lawsuit. Montgomery Elevator argues that since the settlement agreement and release entered into by Tornborgs did not specifically direct allocation of the contribution payment among Brewster, Gleason, and O'Sullivan, the trial justice should have allocated all the contribution payment to the Brewster claim, thereby reducing the amount of the judgment Montgomery Elevator would have to pay.

We have reviewed the settlement agreement and release and found that the agreement specifically refers to all three original plaintiffs by name. We believe the implication of the settlement agreement and release was to allocate Tornborgs' contribution payment among the three original plaintiffs.

For these reasons we deny and dismiss Montgomery Elevator's appeal and affirm the judgment of the Superior Court.

FAY, C.J., did not participate.