Stephen PANTALONE

v.

ADVANCED ENERGY DELIVERY SYSTEMS, INC.

Gloria J. McALICE

v.

ADVANCED ENERGY DELIVERY SYSTEMS, INC. and Stephen Pantalone d.b.a. Subway Sandwich Shop.

David J. COURNOYER and Lisa Cournoyer

v.

ADVANCED ENERGY DELIVERY SYSTEMS, INC. and Stephen Pantalone d.b.a. Subway Sandwich Shop.

No. 95–717–Appeal.

Supreme Court of Rhode Island.

June 16, 1997.

Timothy J. Robenhymer, Edward P. Manning, Marc B. Morse, Donald A. Woodbine, Providence, for Plaintiff.

John B. Reilly, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on the appeals of David J. and Lisa Cournoyer (the Cournoyers) and Gloria J. McAlice (McAlice) from an order of the Superior Court granting a new trial to the defendant, Advanced Energy Delivery Systems, Inc. (Energy). We also have before us an appeal by Energy from the denial of its motion for a directed verdict. Stephen Pantalone (Pantalone), who was a plaintiff below and also a codefendant in the case brought by the Cournoyers and McAlice, did not appeal. We affirm the rulings of the trial justice in respect to the motion for a new trial and the denial of the motion for directed verdict. The facts of the case insofar as pertinent to this appeal are as follows.

On the dates pertinent to this controversy Pantalone operated a business known as the Subway Shop. In conjunction with his business he utilized an electric ice machine. On March 9, 1991, a fire occurred on the premises leased by Pantalone for the operation of his business. As a result of the fire, personal property owned by the Cournoyers and by McAlice that had been placed in a storage facility located beneath Pantalone's Subway Shop was damaged or destroyed.

Sixteen days before the fire, Pantalone's ice machine became inoperative. He called Energy to service the machine. An employee of Energy, Regis Smeltz (Smeltz), responded to the call and repaired the machine's power-cord plug. However, he formed the opinion that the electrical outlet or receptacle that provided power for the machine had been damaged. He informed Pantalone that it would be necessary to obtain the services of an electrician to repair the outlet. He stated that he was not licensed to do such electrical work or repairs.

Pantalone responded that he needed the ice machine in order to run his business and consequently borrowed an extension cord and utilized another electric outlet located at some distance from the ice machine across the room from where the machine was located. Smeltz made the loan and indicated to Pantalone that this solution was temporary only and that he would return to pick up the extension cord. He advised Pantalone to obtain the service of an electrician.

Pantalone ran the extension cord across two freezer units and also in close proximity to heat-emitting compressors and a number of empty cardboard boxes. Pantalone testified that unfortunately he could not afford an electrician and left the extension cord in place, although he noted that it was warm to the touch.

One witness (Toni Kent) testified in a deposition (later recanted at trial) that Pantalone replaced Energy's extension cord with one obtained by him prior to the fire since he expected Smeltz to pick up the borrowed extension cord.

Evidence was introduced at trial that the use of an extension cord in these circumstances violated the Rhode Island Fire Safety Code. Expert testimony was admitted from the fire inspector and from an expert in fire reconstruction that the fire was caused by an overheated extension cord that then ignited flammable materials in the vicinity.

At the close of the evidence Energy moved for a directed verdict.[1] The trial justice reserved decision and denied the motion following the jury's verdict. The jury rendered a verdict finding Pantalone's negligence 90 percent responsible for the fire and resulting damage and Energy's negligence 10 percent responsible for the fire and the damage. In support of its appeal Energy argues that the trial justice erred in denying its motion for directed verdict. In support of their appeal, the Cournoyers and McAlice argue that the trial justice erred in granting Energy's motion for a new trial. These issues will be considered in the order raised in the parties' briefs. Further facts will be supplied as needed in order to discuss these issues.

## I

## The Motion for Directed Verdict

 Energy argues that Pantalone's failure to summon an electrician and provide an appropriate electrical outlet for his machine and his improper use of an extension cord for sixteen days constituted an independent intervening cause that would absolve Energy from its employee's negligence in lending an extension cord to Pantalone initially. Energy relies on *Walsh v. Israel Couture Post, No. 2274 V.F.W.,* 542 A.2d 1094 (R.I.1988), wherein we held that the failure of the VFW to repair damage or post warnings relating to structural damage caused by a truck owned by L.W. Fontaine Trucking Co., Inc., constituted an intervening efficient cause that absolved Fontaine from its original negligence. We observed:

"This court has long held that when a second actor has become aware of the existence of a potential danger caused by the negligence of a first actor and the second actor acts negligently with regard to the dangerous condition, thereby bringing about an accident with injurious consequences to others, the first actor is relieved of liability. This is so because the condition created by the first actor is merely a circumstance and not the proximate cause of the accident." *Id.* at 1096–97.

In that case we also recognized that "an intervening act of negligence will not insulate an original tortfeasor if it appears that such intervening act is a natural and probable consequence of the initial tortfeasor's act." *Id.* at 1097. "If, however, the intervening cause was not reasonably foreseeable, the intervening or secondary act becomes the sole proximate cause of the plaintiff's injuries." *Almeida v. Town of North Providence,* 468 A.2d 915, 917 (R.I.1983).

In *Walsh* we held as a matter of law that the failure of the VFW either to repair or to post warnings for a period of nine days was not foreseeable and thus constituted an inde-

---

1. Under Rule 50 of the Superior Court Rules of Civil Procedure as amended September 5, 1995, such a motion would now be deemed a motion for judgment as a matter of law.

pendent intervening cause. 542 A.2d at 1096. In *Walsh* a member of the VFW post fell and sustained injuries when he leaned against a railing that had become dislodged when struck by Fontaine's truck. *Id.* at 1095.

■ In the case at bar the trial justice, after viewing the evidence in the light most favorable to the parties opposing the motion, and without considering the credibility of witnesses or weighing the evidence, found that there was a question of fact relating to the issue of foreseeability. Generally the question of foreseeability constitutes an issue of fact that is properly submitted to the jury. *Roberts v. Kettelle,* 116 R.I. 283, 295, 356 A.2d 207, 215 (1976). In *Roberts* we stated that "[t]he test for remoteness is whether the intervening act could reasonably have been foreseen as a natural and probable result of the original act of negligence of the defendant." *Id.* at 295, 356 A.2d at 215. In the case at bar, applying the same standards as applied by the trial justice, *Rickey v. Boden,* 421 A.2d 539, 542–43 (R.I.1980); *Young v. Park,* 417 A.2d 889, 893 (R.I.1980), we must determine whether viewing the evidence in the light most favorable to the parties opposing the motion, without weighing the evidence or the credibility of the witnesses, and drawing all reasonable favorable inferences in favor of the opponents of the motion, the trial justice erred in finding there was a question of fact upon which reasonable minds might differ. We are of the opinion that the trial justice did not err in deciding this motion. The lending of the extension cord for this use could certainly have been found to be negligent. Whether it was reasonably foreseeable that Pantalone might have used this extension cord for a considerable period without implementing the repairs recommended by Smeltz could not be determined as a matter of law. This was a question of fact for the jury.

Although we reaffirm the principles set forth in *Walsh,* we conclude that in the case at bar those principles applied to the facts would not justify holding as a matter of law that Pantalone's negligence in using the borrowed extension cord constituted an intervening efficient cause and that the negligence

of Energy's employee had ceased to be a concurring proximate cause of the injury.

## II

### The Motion for New Trial

■ In considering Energy's motion for new trial, the trial justice reviewed the evidence, commented upon the credibility of the witnesses, and determined that he did not believe that the jury verdict placing partial responsibility on Energy did justice among the parties. He stated, "Weighing the credible testimony, the Court would be inclined to place sole responsibility for this fire on the shoulders of Mr. Pantalone."

■ We have said on numerous occasions that if a trial justice reviews the evidence, comments on the weight of the evidence and the credibility of the witnesses, and exercises his independent judgment, his determination either granting or denying a motion for new trial will not be disturbed unless he has overlooked or misconceived material and relevant evidence or was otherwise clearly wrong. *Izen v. Winoker,* 589 A.2d 824, 828–29 (R.I.1991); *Lariviere v. Dayton Safety Ladder Co.,* 525 A.2d 892, 899–900 (R.I.1987); *Barbato v. Epstein,* 97 R.I. 191, 193–96, 196 A.2d 836, 837–38 (1964). In the case at bar there was a disputed question of fact in regard to whether Pantalone had substituted another extension cord for the one originally loaned to him by Smeltz. The trial justice found as a fact that the cord had been replaced and that it was placed on top of the refrigerator by Pantalone. He also found as a fact that Pantalone had noted that the cord was warm but took no precautions because he did not consider that fact significant. Such findings would absolve Energy of any liability for the fire. In making these findings, the trial justice exercised his independent judgment as a super juror in accordance with our holding in *International Depository, Inc. v. State,* 603 A.2d 1119, 1123 (R.I.1992).

The Cournoyers and McAlice fault the trial justice for not having made a specific finding in accordance with our cases that the evidence was not so evenly balanced that different minds could fairly come to different conclusions. *Izen,* 589 A.2d at 829, and cases

cited therein. This principle was enunciated in *Barbato v. Epstein, supra,* and in numerous subsequent cases. However, a review of the trial justice's decision on the motion for new trial clearly indicates that he did not consider the evidence evenly balanced. He stated forcefully and unequivocally that he disagreed with the verdict of the jury—that he believed the cord had been replaced by Pantalone and that Pantalone bore sole responsibility for the fire.

■ Consequently there is no question that he performed the duty of reviewing and evaluating the evidence and exercising his independent judgment. It was unnecessary for him to state specifically that the evidence was not so evenly balanced that different minds could fairly come to different conclusions. His decision will be accorded the great weight normally applied to decisions of a trial justice who has granted a motion for new trial. We conclude that he did not overlook or misconceive material evidence or that he was otherwise clearly wrong. There-

fore, he did not err in granting the motion of Energy for a new trial. In light of our determination of these issues, it is unnecessary for us to reach other issues raised by Energy in support of its appeal.

For the reasons stated, the appeal of Energy from the denial of its motion for directed verdict is denied and dismissed. The appeals of the Cournoyers and McAlice from the granting of Energy's motion for a new trial are denied and dismissed. The order of the Superior Court granting a new trial is affirmed. The papers in the case may be remanded to the Superior Court for further proceedings consistent with this opinion.

GOLDBERG, J., did not participate.